No. 11,094.

## HORNER v. HOADLEY.

BILL OF EXCEPTIONS.—*Record.*—*Evidence.*—When time is given beyond the term to file a bill of exceptions, and the record fails to show when it was presented to the judge, or when it was filed, it can not be considered as part of the record.

PRACTICE.—*Instructions.*—*Exceptions.*—*Waiver.*—Where no exception to the refusal of the court to give instructions in writing is taken at the time, the objection thereto is regarded as waived.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*J. H. Wallace*, for appellee.

HAMMOND, J.—Complaint upon a promissory note, to which appellee answered by denial under oath. There was a trial by jury, and verdict for appellee, upon which judgment was rendered over appellant's motion for a new trial. The overruling of this motion is assigned for error. The causes for a new trial, set out in the motion, related to questions of evidence and to the court's refusal to instruct the jury in writing. Time beyond the term was granted appellant in which to file his bill of exceptions, and there is copied in the transcript what purports to be a bill of exceptions containing the evidence. The date when the bill of exceptions was presented to the judge is not stated. It does not appear when the bill of exceptions was filed, nor, in fact, that it was ever filed. It is clear, therefore, that the bill of exceptions forms no part of the record, and that questions involved in the motion for a new trial relating to the evidence can not be considered. Sections 626 and 629, R. S. 1881; Buskirk Pr. 144; 2 Works Pr., section 1076.

Before the commencement of the argument to the jury, appellant requested the court to give its charge in writing, which the court declined to do. No exception, however was taken

by appellant to the court's refusal to so instruct the jury. Where a party wishes to have a ruling of the trial court reviewed by this court, he must except thereto at the time it is made in proper and legal form, and if he fails to do so, his objection will be regarded as waived. *Fisher* v. *Purdue*, 48 Ind. 323; 2 Works Pr., section 1071.

We are unable to discover any error in the record. Affirmed, with costs.

Filed Oct. 8, 1884.