No. 479.

MORGAN v. EAST.

BILL OF EXCEPTIONS.—*Filing.*—A bill of exceptions is no part of the record unless it is filed in the court below; and a certificate of the clerk "that the above and foregoing transcript contains true and complete copies of all the papers and entries in said cause," does not show that a bill of exceptions inserted in the transcript has been filed.

From the Greene Circuit Court.

*W. L. Rude, A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellant.

*J. S. Bays,* for appellee.

BLACK, J.—The overruling of the appellant's motion for a new trial is assigned as error.

In the motion the causes for a new trial stated were that the court erred in overruling the appellant's motion to strike out certain testimony; that it erred in excluding certain testimony; that the decision of the court was not sustained by sufficient evidence, and that the decision of the cour, was contrary to law.

For the presentation to this court of the questions embraced in the assignment of error a bill of exceptions is necessary.

It is insisted on behalf of the appellee that a bill of exceptions contained in the transcript can not be regarded as in the record, for the reason that it is not shown to have been filed in the cause as required by section 629, R. S. 1881, which provides as follows :

" Where the record does not otherwise show the decision or grounds of objection thereto, the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay. When so filed, it shall be a part of the record, and delay of the judge in signing and filing the same shall not deprive the party objecting of the benefit thereof. The date of the presentation shall be stated in the bill of exceptions, and the entry shall show the time granted, if beyond the term, for presenting the same."

The record shows that on the 27th of May, 1891, the motion for a new trial was overruled, and that the appellant was then granted thirty days to prepare, have signed and filed his bill of exceptions.

At a subsequent place in the transcript is the following, referring to a time in vacation :

"And afterward, on the 30th day of June, 1891, the following further proceedings were had : "

Morgan v. East.

Then follows a bill of exceptions, commencing after the title of the cause, as follows : " Be it remembered that, on the 25th day of May, 1891, it being the 25th judicial day of the April term of the Greene Circuit Court, 1891, Hon. John C. Briggs, judge of said court, presiding, the following proceedings were had in said cause," etc.

After the evidence and the statement, " This was all the evidence given in the cause," the bill closes as follows : "And the defendant now tenders this his bill of exceptions, within the time fixed by the court, and prays that the same may be signed, sealed and made part of the record, which is accordingly done this 25th of June, 1891, having been taken under advisement by me on the 27th day of May, 1891, on which day defendant placed the same in my hands." Then follows the signature of the judge.

Immediately thereafter is the clerk's certificate, dated July 9, 1891, " that the above and foregoing transcript contains true and complete copies of all the papers and entries in said cause."

It does not appear anywhere in the record that the bill of exceptions was ever filed. Under the statute and the decisions relating to it, we are required to hold, as contended for by the appellee, that the bill of exceptions is not a part of the record. *Loy* v. *Loy,* 90 Ind. 404 ; *Armstrong* v. *Harshman,* 93 Ind. 216 ; *Louisville, etc., R. W. Co.* v. *Harrigan,* 94 Ind. 245 ; *Pratt* v. *Allen,* 95 Ind. 404 ; *Horner* v. *Hoadley,* 97 Ind. 600 ; *Shulse* v. *McWilliams,* 104 Ind. 512 ; *Hull* v. *Louth,* 109 Ind. 315 (335) ; *Hessian* v. *State,* 116 Ind. 58 ; *Bierly* v. *Harrison,* 123 Ind. 516 ; *Guirl* v. *Gillett,* 124 Ind. 501 ; *Hormann* v. *Hartmetz,* 128 Ind. 353.

The judgment is affirmed.

**Filed April 15, 1892.**