Filed May 12, 1893.

---

No. 840.

## PEIGH, EXECUTOR, *v.* HUFFMAN.

PROMISSORY NOTES.—*Delivery in Escrow.*—*Liability of Maker on Payee's Bond.*—*Assignment of Notes as Collateral Security.*—*Action on Notes by Assignee.*— Where A. made three promissory notes payable to B. as balance due on real estate, and placed the notes in the hands of C. to hold in escrow until A.'s liability on a bond of B.'s should be ascertained, and in the event A. should be compelled to pay any sum as such surety, the sum so paid should be credited on the debt evidenced by the notes, the said notes not

to pass out of the hands of C. without A.'s consent; and where it further appears, that A. did become liable on said bond of B.'s, and that, pending this liability, B. transferred the notes to D. as collateral security for a pre-existing debt owing by B. to D.; that A. paid a sum in excess of the amount of the notes, by reason of his liability on B.'s bond, none of which amount has ever been paid or secured to A., and that B. has ever since been insolvent,—in an action on the notes by D.'s executor, the equities, as between A. and D.'s estate, are in favor of A., and there can be no recovery against A. on the notes.

VENIRE DE NOVO.—*Cause for.*—A motion for a *venire de novo* will not be sustained unless the verdict is so defective that a judgment can not be rendered thereon.

AMENDMENT OF PLEADING.—*Amendment During Trial.—Discretionary.*—It is discretionary with the trial court to allow, or not to allow, pleadings to be amended during the trial of the cause, and the appellate tribunal will not interfere, unless an abuse of discretion is shown.

From the Huntington Circuit Court.

*J. C. Branyan*, *M. L. Spencer*, *W. A. Branyan* and *G. A. Yopst*, for appellant.

*C. W. Watkins* and *Z. T. Dungan*, for appellee.

DAVIS, J.—This was an action instituted by appellant against Jacob Huffman and William Frances, on three notes of two hundred dollars each, signed by them on the 20th day of January, 1880, payable to Samuel Stump, and by him indorsed to said Catherine Peigh, then in life.

The record recites that the defendants appeared by attorneys, but we find no answer in behalf of Frances.

Huffman filed a cross-complaint, and also answers. The substance of his special pleas is that the notes were never executed, but that when signed they were placed in the hands of an escrow on certain conditions, which are specifically stated, but which, on the question sought to be presented, we do not deem it necessary to set out at length.

The issues were submitted to a jury for trial, and a special verdict was returned, on which judgment was rendered against appellant.

The errors assigned are:

*First.* That the court erred in overruling appellant's motion for judgment in his favor upon the special verdict of the jury.

*Second.* That the court erred in overruling appellant's motion for a *venire de novo.*

*Third.* That the court erred in overruling appellant's motion for a judgment in his favor on the pleadings.

*Fourth.* That the court erred in overruling appellant's motion for leave to file additional paragraph of reply.

*Fifth.* That the court erred in overruling the motion for a new trial.

The substance of the special verdict may be summarized as follows:

That the notes in suit were signed by Huffman for balance due Stump on real estate, and were placed in the hands of Perry Stump, a son of Samuel, to hold in escrow until the liability, if any, of Huffman on the bond of said Samuel, as administrator of the Shulty estate, should be ascertained, and in the event said Huffman should be compelled to pay any sum as such surety, then whatever sum should be so paid was to be credited on the debt evidenced by the notes, and that said notes should not go out of the hands of said Perry without Huffman's consent, and that Huffman as such surety on the bond of Samuel was compelled to and did pay nine hundred and thirty-five and forty one-hundredths dollars, and that said Stumps, without the knowledge or consent of Huffman, assigned and transferred the notes to said Peigh as collateral security for a pre-existing debt which they owed her, and that no part of the said liability and deficit on said bond, which it is found existed when the notes were signed, and which was afterwards paid as before stated by Huffman, has ever been paid or secured to him, and that said Stumps have been ever since insolvent.

The verdict is in substantial harmony with the facts pleaded in the answer and cross-complaint, and as the

amount paid by Huffman as surety on the bond exceeds the amount of the notes, we are not able to see on what theory appellant was entitled to recover judgment.

The notes were not payable in bank. The said Catherine held them as collateral security for a pre-existing debt owing her by Stumps, and on the facts as found, the equities, as between her estate and Huffman, were in favor of Huffman. So far as appears, she parted with nothing in the transaction, while on the contrary Huffman has more than paid the debt in discharge of his liability as surety on the bond.

The second error assigned brings in question the ruling of the court on appellant's motion for a *venire de novo*.

The practice is well settled that a motion for a *venire de novo* will not be sustained unless the verdict is so defective or uncertain that a judgment can not be rendered thereon. The verdict in this case was clear and certain in all essential respects. There was no error in overruling this motion. *Adams* v. *Main*, 3 Ind. App. 232 (240); *Knight, Admr.*, v. *Knight*, 6 Ind. App. 268, 33 N. E. Rep. (456), and authorities there cited.

No error has been pointed out in overruling the motion for judgment on the pleadings.

The fourth error assigned in relation to the refusal of the court to allow appellant, during the trial, to file additional paragraph of answer, brings in review a question involving the discretion of the court below, and no such abuse of that discretion, in this instance, is shown, as would warrant this court in reversing the judgment of the trial court on account of that ruling.

Several reasons are urged in support of the motion for a new trial.

Among others it is insisted that Samuel Stump was under the statute an incompetent witness. He was not a party. Section 498, R. S. 1881. Neither does he come

within the class of persons disqualified by section 502, R. S. 1881.

It is contended, also, that the evidence does not sustain the verdict. The evidence is in some respects contradictory. The testimony of some of the witnesses is uncertain and indefinite, and their statements and expressions can not in all instances be harmonized and reconciled, so as to make a clear and consistent story, but there is ample evidence in the record fairly tending to support the verdict on every material point, and, as it was the peculiar province of the jury to weigh the evidence, to reconcile conflicting statements where they could, and to believe that which they deem most worthy, and to disbelieve that, which in their opinion, was least worthy, where it could not be harmonized so as to believe all of it, this court will not disturb the verdict, on the evidence.

We do not find any reversible error in the record.

In this connection, it is proper to remark that it is doubtful whether any question is technically presented to this court for decision. In the first place, Frances is not made a party on appeal. In the next place, there are no marginal notes on the transcript. In the third place, the notes in suit are not, so far as we have been able to discover, embraced in the bill of exceptions in which the evidence purports to be incorporated. But, disregarding these deficiencies, we have examined the record and have found nothing therein to justify the conclusion that the cause was not fairly tried and determined in the court below.

Judgment affirmed.

Filed May 12, 1893.