No. 708.

## GISH *v.* GISH.

APPELLATE COURT PRACTICE.—*Failure to Discuss Errors.—Waiver.*—
Errors assigned in the appellate tribunal, which are not discussed,
will be regarded and treated as waived.

BILL OF EXCEPTIONS.—*When Copy of Original Bill is Required.—Appel-
late Court Practice.*—Where it clearly appears, on appeal, that a bill
of exceptions containing the instructions is the original bill as filed
by the appellant, and not a copy thereof, such bill is not properly in
the record, and no question arising thereon can be considered or de-
termined by the appellate tribunal.

SAME. — *Stenographer's Longhand Manuscript.—Practice.*— In order
that the evidence may be brought into the record by bill of excep-
tions, it is the proper practice to use the stenographer's longhand
manuscript thereof, properly certified to.

SAME.—*Filing.—Presentation to Judge.—Controlling Question.*—The time
of filing a bill of exceptions is not of controlling importance; for the
presentation of the bill to the judge, if shown in the body of the in-
strument, controls such question.

SAME.— *When Sufficiently Shown to Contain all the Evidence.*—Any ex-
pression at the close of a bill of exceptions purporting to contain
all the evidence given in the cause, is sufficient, if it affirmatively
shows that it contains all the evidence.

SAME.—*Record Entry of Filing.—Order-Book Entry.—Practice.*—It must
clearly and affirmatively appear, in the transcript of the record
brought to the appellate tribunal, independently of the bill of ex-
ceptions, that the bill was duly filed in the office of the clerk of the
trial court, but it is not essential that such independent entry, show-
ing the filing of the bill, should be an order-book entry; such entry
being sufficient which shows the filing of the bill in the office of the
clerk, whether it immediately precedes the bill or is otherwise
properly set out.   However, the better practice in such a case is for
the clerk to make a vacation order-book entry showing the filing of
the bill.

SAME.—*Bill Purporting to Contain all the Evidence.—Omission of Part.
—Effect.*—Where it affirmatively appears, in a bill of exceptions pur-
porting to contain all the evidence, that a part is omitted, such
omission will preclude the consideration, by the appellate tribunal,
of any question arising on the evidence.

*Quære,* where leave is granted to file bill of exceptions, does the filing
of one bill exhaust the entire right to so file?

PLEADING.—*Exhibit.—When Sufficiently Referred to.*—An exhibit is sufficiently referred to in a pleading which alleges that "a copy is herewith filed," and immediately following the pleading is a copy of the instrument marked "exhibit."

From the Cass Circuit Court.

*R. Magee* and *G. W. Funk*, for appellant.
*J. H. Gould* and *G. R. Eldridge*, for appellee.

DAVIS, J.—This was an action by appellee, against appellant, on a promissory note.

Issues were joined, and the cause was submitted to a jury for trial, and on verdict in favor of appellee judgment was rendered against appellant, for nine hundred and five dollars, on the 24th of February, 1892.

Several errors are assigned, but the only errors discussed are that "the court erred in overruling the appellant's motion for a new trial," and in overruling the motion in arrest of judgment.

It is a well established rule of practice, in this court, that errors which are not discussed are regarded and treated as waived. *Mahoney* v. *Gano*, 2 Ind. App. 107.

In a brief filed in behalf of appellee, on the 30th of December, 1892, it is earnestly contended that no question is presented, on the first error discussed, for our consideration, because the evidence is not in the record. No reply has been filed to this brief. We are, therefore, first required to determine whether the record brings before us for decision any question in regard to the merits of the controversy.

The record, on the day the judgment was rendered, recites, "and 180 days are allowed the defendant in which to file bill of exceptions."

Afterwards, on the 9th of March, an appeal bond was filed and approved.

Immediately following the bond there appears the following entry:

"Be it remembered,   *   *   *   the following proceedings were had," etc.   Then come the instructions.   The instructions are not preceded by any formula for the beginning of a bill of exceptions.   In conclusion, however, there is the usual formal ending of an ordinary bill of exceptions.   There is no record or independent entry or statement, except in the clerk's certificate, showing the filing of the instructions or bill of exceptions, but it is recited in the formal conclusion, above referred to, that the bill of exception was presented to the judge on the 8th of August, and that it was signed on the 22d, and the stamp of the clerk indicates that it was filed on the 23d of August, 1892.

Immediately following the signature of the judge thereto, and without any preliminary entry, statement, or memorandum showing the filing thereof, there is attached to and included in the transcript a bill of exceptions containing the evidence, in which it is recited in conclusion, "the foregoing being all the evidence in the above entitled cause."   This bill, as it appears therein, was presented to the judge on the 8th of August, signed on the 22d, and, as shown by the file mark, was filed on the 23d of August, 1892.

The certificate of the clerk, at the conclusion of the transcript, is as follows:

"*The State of Indiana, County of Cass, ss.:*

"I, Charles W. Fisk, clerk of the circuit court of Cass county, Indiana, hereby certify that the foregoing is a full, true and complete copy and transcript of all entries made, and all papers filed, in the above entitled cause, as appears from the records made and papers filed in said cause, now on file in my office, together with and including the defendant's original bill of exceptions

number one, filed in my office August 23d, 1892, containing and being all the instructions given in said cause, and exceptions thereto and signature of the judge, and further including defendant's original bill of exceptions, number two, containing and being the long hand manuscript and transcript of the short hand notes of the evidence given in said cause, taken, made and transcribed by Jesse Taber, whom I hereby certify to have been at the time of said trial, and who has ever since been and is now, the official stenographer and reporter of said Cass Circuit Court.

"Witness my hand and the seal of said court at my office at Logansport, Cass county, Indiana.

[SEAL.]                          "C. W. FISK, *Clerk.*"

It clearly appears in this case that neither of the bills of exceptions, so filed by appellant, has been copied by the clerk. The original bills are incorporated in the transcript and brought here as part of the record.

The course adopted, so far as the evidence in the long hand manuscript of the reporter is concerned, is the proper practice, and in this respect the evidence as taken down and transcribed by the stenographer is in bill of exceptions, No. 2. In order, however, to bring bill of exceptions, No. 1, containing the instructions, before this court, such bill should have been copied by the clerk.

ELLIOTT, C. J., in a recent case, says: "We adjudge the better rule to be this: Where a bill of exceptions upon a ruling denying a new trial is taken for the purpose of getting the stenographer's report of the evidence, with its incidents, into the record, the original bill may be certified up to this court as part of the record. All there is of such a bill, besides the report of the evidence, is composed of formal parts and brief recitals, so that little would be left to be copied, if the report of the evidence were taken out. Confusion is avoided by sending

up the bill without detaching the evidence, and only a very little matter outside of the report of the evidence comes up in its original condition.   It is much more consistent with principle, and much safer to require the entire original bill to be certified, than it is to devolve upon the clerk the duty of determining what shall be left in and what taken out.   The rule we here declare enables parties to get the longhand manuscript into the record without incurring the useless expense of having it copied, prevents confusion in the record and gives fair and reasonable effect to the statute concerning official shorthand reporters.

''But the rule we declare does not have, and can not be made to have, any application to any other bills of exceptions, except such as are prepared for the purpose of bringing into the record the longhand manuscript of the official reporter and its necessary incidents.   All other bills of exceptions must be copied by the clerk.   Nor can the rule apply to a bill of exceptions wherein other matters  than the longhand report and matters legitimately connected therewith are sought to be brought into the record.   In order to come within the rule stated, the bill of exceptions must be confined to the single office of exhibiting the report of the evidence and the matters directly and  properly pertaining thereto.''   *McCoy* v. *Able*, 131 Ind. 417.

Under the rule above enunciated, the instructions in the case in hand are not properly in the record, and no question arising thereon can be considered or determined by us.   This is so because the original bill was incorporated into the transcript.

The question remains whether the bill of exceptions containing the evidence is properly in the record, and if so, whether it contains all the evidence given on the trial of the cause.

It is insisted, among other things, that the bill of exceptions was not filed within the time fixed by the court. Conceding this to be true, it does appear in the body of the instrument, preceding the signature of the judge, that it was presented to the judge within that time, and as to this point such presentation was sufficient.

In the case of *McCoy* v. *Able, supra,* the court says: "As the law now stands the time of the filing is not of controlling importance, for the presentation of the bill to the judge, if shown in the body of the instrument, controls the question."

It is also insisted that the omission of the word "given" in the statement, and this was "all the evidence in the above entitled cause," is fatal. We can not concur with counsel on this proposition. The use of the word "given" is not indispensable or essential. The correct rule is thus stated by Judge ZOLLARS: "In order that this court may pass upon the evidence, the record must affirmatively show that it contains all of the evidence given below. Any statement in the bill of exceptions, that will show that fact, will be sufficient." *Beatty* v. *O'Connor,* 106 Ind. 81; see section 823, Elliott's App. Proced., and authorities there cited.

It is contended by counsel for appellant that, in the absence of an independent record entry showing the filing of the bill of exceptions, the bill of exceptions containing the evidence can not be considered as a part of the record on this appeal.

The decisions in this State are not, as we view them, in all respects harmonious on the question as to what is essential to show that a bill of exceptions containing the evidence is properly a part of the transcript of the record on appeal.

Judge ELLIOTT says: "A bill of exceptions, although signed, is not part of the record until it is filed. A

record entry must be made showing its filing and the date. It has been held in many cases that the filing must be shown by an independent record entry and that it can not be shown by a recital in the bill.'' Elliott's App. Proced., section 805.

When time is given beyond the term for the filing of such bill of exceptions, and the bill is afterwards filed in vacation, such independent record entry, however or wherever made, is of necessity an *ex parte* act of the clerk. Whether in such case the independent record entry shall be a vacation order-book entry, or simply a statement or memorandum, in the transcript, in substance and to the effect that the bill was filed, or whether it is essential for such formal entry or statement to precede the bill of exceptions, are questions which have not been clearly and satisfactorily settled by the authorities. *Horner* v. *Hoadley,* 97 Ind. 600; *Hull* v. *Louth, Guar.,* 109 Ind. 315 (335); *Hormann* v. *Hartmetz,* 128 Ind. 353; *Hessian* v. *State,* 116 Ind. 58.

In the case of *Armstrong* v. *Harshman,* 93 Ind. 216, the court said: ''What purports to be a bill of exceptions, containing the evidence, appears in the record, but there is no statement in the body of the record showing that it was ever filed in the clerk's office in the cause,'' but inasmuch as the transcript of the clerk was dated within the time granted, it was held sufficient to show that the bill had been filed and formed a part of the record.

In the case of *Loy* v. *Loy, by Next Friend,* 90 Ind. 404, the court says: ''But the record wholly fails to show, in any manner, that this writing or bill of exceptions was filed in the court below, either within the time given, or, indeed, at any time. * * * The record must show, in some manner, that the bill was filed, or it can not be

considered in this court as constituting a part of the record of the cause.''

When time is given beyond the term in which to file a bill of exceptions, it must be shown in the body of the instrument that it was duly presented to the judge within the time so fixed, in term, for the filing thereof. The time so given must, of course, be shown by an order-book entry made by the court during the term. Then it must clearly and affirmatively appear, in the transcript of the record brought to the appellate court, independently of the bill of exceptions, that the bill was duly filed in the office of the clerk of the trial court. If the bill was, as shown in the body thereof, presented to the judge, within the prescribed time, when it was in fact filed, is not of vital importance. It is not essential that such independent entry, showing the filing of the bill, should be entered on the order-book in vacation, but such statement or memorandum, appearing in the record on appeal, as clearly and affirmatively shows the filing of the bill in the office of the clerk, is sufficient, whether it immediately precedes the bill or is otherwise properly set out.

The better practice in such cases is for the clerk to make a vacation order-book entry showing the filing of the bill. This entry should be the same in form and substance as is made when the bill is filed in term. Whether the entry is so made or not, the clerk when he prepares the transcript for appeal, should precede the bill of exceptions, with the copy of such vacation order-book entry, if made, or in the absence thereof, he should incorporate in the transcript a preliminary formal statement or memorandum, in substance and effect, that the bill of exceptions had been duly filed, giving the date, in his office. The failure of the clerk to make such entry or to precede the bill with such formal statement

will not be fatal to the rights of the appealing party, if it is otherwise clearly and affirmatively shown in the transcript that the bill was duly and properly filed in the office of the clerk of the trial court.

In view of the conclusion we have reached, it is unnecessary for us to decide whether the certificate of the clerk in relation to bill of exceptions No. 2 shows, with sufficient certainty, that said bill was filed. It is not clearly and expressly stated in the certificate that bill of exceptions No. 2 was ever filed.

It is further contended that because leave was granted to file bill of exceptions, the entire right to so file was exhausted when the first bill was filed. Should we hold that the first writing or instrument was in proper form to constitute a bill of exceptions (*Wagoner* v. *Wilson*, 108 Ind. 210, section 863, App. Proc., Elliott), it is doubtful whether the position of counsel is correct.

It is also insisted that the record does not show that the judge judicially determined that the bill was correct, and that it does not appear that the stenographer's notes were made a part of the bill by the judge's act. It is true that the settlement and granting of a bill of exceptions is a judicial duty, but the mere clerical work in relation thereto may be done by any one.

In the language used in the case of *McCoy* v. *Able, supra:* ''If the judge who tries the case sanctions and accepts the statement of the evidence, he thereby adopts it as his own judicial act, and as such it comes to this court.'' See, also, Elliott's App. Proc., section 798.

It is also contended by counsel for appellant, that it affirmatively appears in the bill of exceptions, if in the record, that a certain note was introduced and read in evidence on the trial, which has not been incorporated or set out in the bill of exceptions. In this position, counsel, as disclosed by the record, are correct. For

aught that appears, the omitted evidence so introduced may have been immaterial. What effect, if any, such evidence had on the trial, in the result, we can not tell. The objection to the bill of exceptions in this respect may be, and perhaps is, purely technical, but under the rule long established in this State, such omission precludes the consideration of any question, by this court, arising on the evidence. *Evansville, etc.,* v. *Lavender*, 34 N. E. Rep. 109; *Peigh, Exec.,* v. *Huffman*, 6 Ind. App. 658; *Patchell* v. *Jaqua*, 6 Ind. App. 70; *Eichel* v. *Bower*, 2 Ind. App. 84; Elliott's App. Proced., sections 823, 824, and authorities there cited.

The entire evidence is not always necessary on appeal, but when the effort is made to bring all the evidence before the court, as was attempted to be done in this case, for the purpose of reviewing the questions arising on the trial thereon, the omission of any part thereof is fatal. The reason for the rule is discussed more at length in some of the authorities cited. Such technical rules are not to be commended, except in so far as they may be necessary to secure a settled and uniform practice.

In the abundance of caution, and in order to ascertain whether a different result would have been reached had the question discussed been properly presented by the record, we have given them some attention.

The first question argued by counsel is that the verdict was not sustained by sufficient evidence, and was contrary to law.

There is evidence in the record tending to support every material point in the case. The next reason presented is that a new trial should have been granted for newly-discovered evidence. The affidavits are conflicting, and when all the facts and circumstances shown are considered together, there was no error in this ruling.

In the first place, the newly-discovered evidence was cumulative. *Hamm* v. *Romine*, 98 Ind. 77.

In the next place, the facts in relation to diligence are not sufficient. *Hines* v. *Driver*, 100 Ind. 315; *Ward* v. *Voris*, 117 Ind. 368; *Pemberton* v. *Johnson*, 113 Ind. 538; *Morrison* v. *Carey*, 129 Ind. 277; *Toney* v. *Toney*, 73 Ind. 34; *Ex parte Walk*, 64 Ind. 461.

When the instructions are all considered together as an entirety, we are not able to see any error therein prejudicial to appellant. In other words, if the instructions and evidence were in the record, we have failed to find any reversible error arising thereon; but in view of the fact that no question is properly presented by the record, we have not entered into a full consideration and discussion thereof in detail, as no good purpose could have been accomplished thereby.

Counsel contend that there is no sufficient reference to a copy of the note as an exhibit made to the pleading, and, therefore, that the motion in arrest should have been sustained. The averment is, after describing the note and stating the cause of action, that "a copy is herewith filed," and immediately following the complaint is a copy of the note sued on, marked "exhibit." This is a sufficient compliance with the statute. *Blackburn* v. *Crowder*, 108 Ind. 238.

In any event, the objection was waived by the failure to demur thereto. *Lassiter* v. *Jackman*, 88 Ind. 118.

There is no error in the record.

Judgment affirmed.

Filed May 26, 1893.