Filed March 15, 1895.

---

No. 1,471.

## MARTIN v. PRINCE.

MASTER AND SERVANT.—*Employment as Farm Hand.*—*Rendering Extra Service as Nurse.*—*Extra Compensation.*—If one employed as a farm hand for $1 per day, render services to the master as a nurse (especially during nights), at the request of his employer, when he was at the same time during the day performing the work he had contracted to do as a farm hand, the law will not necessarily and conclusively imply that he performed the extra services as a nurse and also his usual work as a farm hand for the original price of $1 per day.

NEW TRIAL.—*Newly Discovered Evidence.*—*Diligence.*—A motion for a new trial on account of newly discovered evidence is insufficient, which does not state the facts constituting diligence.

From the Hamilton Circuit Court.

*W. S. Christian, 1. W. Christian* and *C. W. Griffin,* for appellant.

*D. J. McMath* and *J. F. Neal,* for appellee.

DAVIS, J.—It appears from the evidence in this case

that appellee was, in September, 1891, employed by appellant to work for him on his farm at one dollar per day; that appellant rented him a tenant house on the farm for three dollars per month; that when appellee entered upon his work as a farm hand in pursuance of the terms of the contract, appellant had been, was, and thereafter for some time continued sick and was confined to his bed; that his family was not with him and that in a few days his nurse left him; that appellant then requested appellee to wait upon, nurse and care for him and to stay with him of nights, which appellee did for about fifty-six days and until appellant was able to leave his room and to get along without assistance.

Appellee continued to work for appellant as a farm hand until July, 1892, and was fully paid for such services at the rate of one dollar per day.

The theory of appellee was that during the time he nursed appellant and remained with him of nights that he continued to perform his work as a farm hand and that he was entitled to extra compensation for such services rendered during the nights and that he had not been paid therefor.

Appellant's theory was that by the terms of the contract, when he entered his service, appellee was required to render all of the services performed by him, including the nursing, for one dollar per day, and that he had fully and satisfactorily settled with and paid appellee on this basis at the end of each month for all that was due him.

Appellee recovered verdict and judgment in the court below.

We have carefully read the entire record and find that the evidence on the material points in issue is conflicting, and that it is neither clear nor satisfactory, but, as we learn that the case has been three times tried, once by a justice of the peace, and twice by a jury in the cir-

cuit court, with substantially the same result on each trial, and as the last verdict has the approval of the learned trial judge, this court would not be justified in reversing the judgment on the evidence.

The fifth reason assigned in the motion for a new trial is that the court erred in refusing to give instruction No. —— asked by appellant.

This presents the first question on which counsel for appellant rely for a reversal. The instruction is not designated by any number in the motion for a new trial, but the bill of exceptions discloses that the court refused to give instruction No. 2.

It is doubtful whether any question is presented by the record, but, waiving this defect, we will consider the alleged error on its merits.

This instruction, in substance, is that if appellee agreed to work as a farm hand, at one dollar per day, and, after entering upon such work, he performed the services hereinbefore referred to as nurse, without objection as to the kind of work and the time spent in performance of the same, the law implies that he performed such services as nurse, as well as his other services for the price of one dollar per day, and, if his wages were paid to him at that rate, the jury should find for the defendant.

In view of the different theories of the respective parties and the conflict in the evidence, there was no error in refusing to give this instruction. If appellee was correct as to the character and value of the services he rendered as nurse, especially during nights, at the request of appellant, when he was at the same time, during the day, performing the work he had contracted to do, at the beginning of his employment, as a farm hand, the law would not necessarily and conclusively imply that he performed the extra services as nurse, and also his usual work as a farm hand for the original price of one dollar

per day, which he was to receive for his services as such farm hand.

There was no error in the admission of the evidence of the witnesses, R. C. Stout and Dr. E. C. Loehr. Each of the witnesses was competent. The weight of their evidence was for the jury. In fact, Loehr's testimony, as we understand it, was not unfavorable to appellant.

It is next insisted that the court erred in overruling the motion for a new trial on the ground of newly discovered evidence.

The motion is insufficient on this ground for the reason, if for no other, that it does not state the facts constituting diligence. Appellant says that "he made diligent inquiry for evidence to sustain his said defense; that he inquired of all persons of whom he had heard that knew anything material to his defense."

In *Hines* v. *Driver*, 100 Ind. 315, the court says: "Where the diligence used is alleged to have consisted in making inquiries, the time, place and circumstances must be stated. The reason for this rule is obvious. The applicant for a new trial must rebut the presumption existing against him, and this he can only do by showing that he made inquiries in the proper quarter and in due season." *Gish* v. *Gish*, 7 Ind. App. 104, 119; *Kelley* v. *Kelley*, 8 Ind. App. 606.

We find no reversible error in the record.

Judgment affirmed.

Filed March 21, 1895.