## ARGUED AND DETERMINED

IN THE

# Supreme Court · of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1895, IN THE EIGHTIETH
YEAR OF THE STATE.

---

THE INDIANA, ILLINOIS & IOWA RAILROAD CO.

*v.* LYNCH ET AL.

[No. 17,657.   Filed May 6, 1896.]

APPELLATE PROCEDURE.—*Bill of Exceptions.—Certificate of Filing.*—
A bill of exceptions must be preceded in the record by an entry
showing that it was filed as such, or at least the filing must be cer-
tified by the clerk.

SAME.—*Longhand Manuscript of Evidence.—When Must be Filed
with Clerk.*—The longhand manuscript of the evidence must be filed
with the clerk before it is incorporated in the bill of exceptions, and
within the time allowed for filing the bill of exceptions.

SAME.—*Longhand Manuscript of Evidence, by Whom Filed.—Stat-
ute Construed.*—Under section 1476, Burns' R. S. 1894 (section 1410,
R. S. 1881), providing that the original longhand manuscript of the
evidence may be filed with the clerk by the "party entitled to the
use of the same," The failure of the official stenographer to file the
manuscript will not excuse the party whose duty it was to have it
filed.

From the Lake Circuit Court.   *Affirmed.*

*T. S. Fancher*, for appellant.

*J. B. Peterson*, for appellees.

HOWARD, J.—In April, 1882, Harriet Gale brought suit in attachment against McGillis & Hogan, contractors, and in the same suit instituted garnishee proceedings against the appellant company. The suit remained on the docket of the court for several years undisposed of. In 1891 the appellee Lynch brought suit in attachment and garnishment against the same parties, filing under the·original suit as provided by statute, and obtained judgment against appellant. In June, 1891, execution was issued on this judgment, and served in January, 1892, upon the agent of the company in said county. No property was taken under the first execution. In December, 1893, a second execution was issued on the judgment, and again served upon appellant's agent. On February 14, 1894, this action was brought by appellant to vacate the judgment obtained by appellee, or to have the same opened up and appellant permitted to defend against it. The cause was submitted to the court, and there was a finding and judgment against appellant. The only error assigned on this appeal, or discussed by counsel, is that the court erred in overruling the motion for a new trial.

The action under which appellee's judgment was taken was allowed by appellant to remain on the docket of the trial court for over eight years before the alleged fraud in obtaining it is said to have been committed; and it was over three years from the entry of the judgment, so alleged to have been obtained, before this suit was brought to set it aside. Were we, therefore, to consider the case upon its merits, as contended for by appellant, it would seem, according to the holding of this court in the well considered case of *Hollinger* v. *Reeme et al.*, 138 Ind. 363, that appellant had not shown that diligence always necessary in a

Indiana, Illinois and Iowa Railroad Co. *v.* Lynch *et al.*

successful attack upon a judgment alleged to have been procured by fraud.

The determination of the questions presented, however, requires a consideration of the evidence adduced on the trial; and we are met with the contention of appellee that this evidence is not in the record by bill of exceptions.

The judgment against appellant refusing the injunction prayed for, was rendered February 26, 1895; and appellant was given sixty days within which to file its bill of exceptions. There is a paper attached to the record which is entitled a bill of exceptions, but it is not preceded or introduced by an entry or recital, such as indicated in *Miller, Admx.,* v. *Evansville, etc., R. R. Co.,* 143 Ind. 570, and authorities there cited, as proper to show the filing of a bill of exceptions. Neither is there any certificate by the clerk to show such filing. *Morgan* v. *East,* 4 Ind. App. 507; *Board, etc.,* v. *Huffman,* 134 Ind. 1; Elliott App. Proced., section 805.

But, even more serious, perhaps, it is positively shown by the certificate of the clerk that the longhand manuscript of the evidence was not filed in the clerk's office until long after the expiration of the time allowed for the filing of the bill of exceptions. The sixty days given for the filing of a bill of exceptions expired on the 27th of April, 1895. As the longhand manuscript must be filed in the clerk's office before it is incorporated in a bill of exceptions, it is plain that to be a part of the bill it was necessary that the manuscript should have been filed with the clerk before April 27, 1895. *Mason* v. *Brody,* 135 Ind. 582; *Smith* v. *State, post,* 176.

The clerk's certificate is as follows: "And I further certify that on May 25, 1895, S. P. Corboy, the official reporter of said court, who took down the evi-

dence in said cause, filed in my office his longhand manuscript thereof, which is the same manuscript incorporated in the foregoing bill of exceptions."

The longhand manuscript of the evidence having therefore been filed with the clerk nearly a month after the time given to prepare the bill of exceptions and present the same to the judge, the evidence is not in the record. It may be noticed also, that the statute does not provide that the longhand manuscript shall be filed by the reporter, but "by the party entitled to the use of the same." Section 1476, R. S. 1894 (section 1410, R. S. 1881); Acts 1873, p. 194; *Galvin* v. *State, ex rel.*, 56 Ind. 51. It is the duty of a party appealing to see to it that a correct record is brought to this court. Certainly the statute and the numerous decisions of this court have made it very plain how this shall be done. Counsel should not trust this duty to inexperienced officials.

No question being presented on the record, the judgment is affirmed.