## DILTZ *v.* SPAHR.

[No. 1,811.   Filed January 26, 1897.]

PLEADING.—*Amendment After Close of Evidence and Argument.*—
*Statute Construed.*—Under the provisions of section 394, Burns' R.
S. 1894, the court may in its discretion permit amendments to be
made to pleadings during the progress of a trial and after the close
of the evidence and the conclusion of the argument, unless it af-
firmatively appears from the record that such amendment was
prejudicial to the adverse party and that the trial court abused its .
discretion.

BROKERS.—*Commission.—Special Finding.*—A special finding, in an
action for a commission of four per cent. on $8,000.00 for negotia-
ting a loan for that amount, which shows that defendant orally
promised plaintiff a commission of four per cent. on $8,000.00, if he
would procure some person to make him a loan of that sum on cer-
tain real estate, and that plaintiff negotiated with a copartnership
for the purpose of making such loan and had a member of such
firm to inspect the real estate, introduced him to defendant
and obtained his personal consent to make the loan, but after con-
sulting with his copartners the loan was declined by the copartner-
ship, but the party who inspected the premises, in his individual
capacity, made defendant a loan of $2,000.00 on such real estate
without the knowledge of plaintiff, will not support a conclusion of
law that defendant was indebted to plaintiff and entitled to recover
the sum of $80.00, being a commission of four per cent. of $2,000.

From the Marion Superior Court.   *Reversed.*

*Upton J. Hammond* and *E. St. G. Rogers,* for appel-
lant.

*George W. Spahr,* for appellee.

WILEY, J.--The appellee sued the appellant to re-
cover a commission for services in procuring a loan.
The original complaint was in one paragraph, and
was in the statutory form upon an account stated.
With this paragraph the appellee filed, as an exhibit,
a bill of particulars as follows:

Diltz *v.* Spahr.

"INDIANAPOLIS, IND., Dec. 24, 1894.
AMOS K. DILTZ to WM. H. SPAHR, Dr.

To commission securing $8,000.00 loan, $320.00."

The appellant answered by general denial and the cause was submitted to the court for trial, without the intervention of a jury. After the introduction of all the evidence and the conclusion of the arguments of counsel, the appellee, over the objection and exception of appellant, was permitted to file an additional paragraph of complaint, which paragraph was in the words and figures following, viz.: "The plaintiff for a further and second paragraph of complaint herein says, the defendant is indebted to him in the sum of three hundred dollars ($300.00) for work and labor done, which work and labor was done at the special instance and request of the said defendant, and that the same is due and wholly unpaid, wherefore plaintiff prays judgment for $500.00," etc.

This second paragraph of complaint is identical with the first, except that it is not accompanied with a bill of particulars, as an exhibit. Upon the filing of the second paragraph of complaint, the record recites the following: "And on plaintiff's motion, the said defendant is ruled to answer the said second paragraph of complaint herein, and the defendant declining so to do, the court now takes this case under advisement."

The court, on its own motion, made a special finding of facts, and stated its conclusions of law thereon, and such proceedings were had, as that judgment was rendered against appellant for $80.00.

The appellant reserved exceptions to the conclusions of law, and has, in this court, assigned errors as follows:

"1. The court erred in allowing the plaintiff to amend his complaint by filing the second and further paragraph thereof, on and after the trial of the cause.

"2. The court erred in its conclusions of law on the findings."

We will consider these assignments of error in their order.

Counsel for appellant earnestly insist that the court erred in permitting the appellee to file an additional paragraph of complaint, after the close of the evidence and the conclusion of the argument. With this contention, we cannot agree. Our statute and the adjudicated cases thereunder are very broad and liberal on the question of amendments to pleadings, and this court will not reverse a judgment unless it affirmatively appears from the record that such amendment was prejudicial to the adverse party, and it must also appear that the trial court has abused its discretion.

It seems clear to us that the second paragraph of the complaint was not filed under the provisions of section 399, Burns' R. S. 1894 (396, Horner's R. S. 1896), wherein it is provided that: "The court may, at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, direct   *   *   *   *any material allegation to be inserted, struck out, or modified—to conform the pleadings to the facts proved,* when the amendment does not substantially change the claim or defense." The additional paragraph filed does not seek to amend the original complaint, neither does it add to or take from it. Nor was it made to *"conform the pleadings to the facts proved."* It follows, therefore, that the additional paragraph was filed under section 394, Burns' R. S. 1894 (391, Horner's R. S. 1896), which provides generally for amendments to pleadings.

While we are unable to see any necessity for filing the second paragraph of complaint, or how the ap-

pellee was to be benefited thereby, yet there was no reversible error in permitting it to be done.

In any event the amendment was not prejudicial to the appellant, as it did not state a different cause of action than that contained in the first paragraph; it required no additional proof, and there is nothing in the record to show that he was misled thereby.

It has been repeatedly held that where the trial court has permitted amendments to be made to pleadings during the progress of the trial, and after the conclusion of the evidence, the adverse party must affirmatively show that he was prejudiced before he will be entitled to a reversal of the judgment on that ground. *Adams* v. *Main,* 3 Ind. App. 232; *Leib* v. *Butterick,* 68 Ind. 199; *Judd* v. *Small,* 107 Ind. 398; *Levy* v. *Chittenden,* 120 Ind. 37; *Sanford, etc., Co.* v. *Mullen,* 1 Ind. App. 204.

That there may be a clear understanding of the facts, and an intelligent discussion and determination of the second assignment of error, it is necessary for us to copy into this opinion the special finding of the court and its conclusion of law thereon. They are as follows:

"1. That the defendant orally promised the plaintiff to pay him a commission of four (4) per centum of eight thousand dollars ($8,000.00) if he, plaintiff, would procure some person to lend him, defendant, that sum on the security of a first mortgage on his farm.

"2. Thereupon the plaintiff, with the knowledge of the defendant, began to negotiate with a copartnership, composed of ten members and doing business under the firm name and style of the Anderson Banking Company, to the end of procuring it to lend the defendant that sum on said security.

"3. That the plaintiff so negotiated with and

through one Baker, a member of said co-partnership and its president, and took said Baker to inspect said farm, and then made said Baker and said defendant acquainted with each other, and talked over with them of the borrowing and lending of said sum on said security.

"4. That said Baker then expressed his personal willingness, as a member of said co-partnership, to lend the said sum on said security, but said, in that connection, that he would have to go to Anderson, Indiana, and submit the matter to, and obtain the consent of his copartners before the same could be done.

"5. That upon such submission of said matters by said Baker to his said copartners, they refused their assent to lend said sum on said security.

"6. That afterwards, and while the plaintiff was resting in the belief that said matter was still under consideration and undetermined by said Baker and his co-partners, the said Baker and the defendant came together without the knowledge or participation of the plaintiff, and with the apparent intent of wholly ignoring the plaintiff, the said Baker, made in his individual capacity, and with his individual money, and the defendant took a loan of two thousand dollars ($2,000.00), on the security of a second mortgage upon the said farm.*  *  *

"7. That said farm was before and at the time of said defendant's promise to the plaintiff incumbered by a mortgage debt of six thousand dollars ($6,000.00), accruing, due on September 15, 1896, and bearing interest at the rate of six per centum, payable semi-annually, upon which the defendant was in default as to an installment of interest, in the sum of one hundred and eighty dollars ($180.00), which fell due September 15, 1894, and that it was understood between

the said defendant and said plaintiff that said mortgage was to be paid and discharged out of the proceeds of said contemplated loan of eight thousand dollars ($8,000.00), but under the loan as finally consummated by said Baker, his two thousand dollar mortgage was taken subject to the above named incumbrance of six thousand dollars ($6,000.00)."

Upon the foregoing facts the court stated its conclusion of law as follows:

"That the defendant is indebted to the plaintiff and the plaintiff is entitled to recover of and from the defendant, on the second paragraph of his complaint filed herein, by leave of the court on the 3d day of May, 1895, *the sum of eighty dollars ($80.00), being a commission of four (4) per centum of two thousand dollars.*"

We are unable to understand, upon what theory, the conclusions of law, as stated by the trial court, can be maintained. From the facts found by the court, there are no facts appearing in the record, upon which any judgment in favor of the appellee on his second paragraph of complaint could be predicated.

The pivotal and controlling facts as found by the court are these:

1. That appellant promised to pay appellee four per centum on $8,000.00, if he would procure for him (appellant) a loan of that amount, to be secured by mortgage on real estate.

2. That appellee did negotiate with one Baker, representing a copartnership, to the end that said loan might be consummated.

3. That the appellee failed to procure and consummate said loan.

5.   That in negotiating with said Baker for said

loan, the appellee brought the appellant and Baker together and made them acquainted.

6.     That after the said  copartnership refused to make said loan of $8,000.00, the appellant and Baker *"came together without the knowledge or partici-pation of the plaintiff,"* and that Baker  made appellant a loan of $2,000.00 *"in his individual capacity and with his individual money."*

There are no facts found by the court, showing that the appellee had performed his part of the contract, in procuring for appellant a loan of $8,000.00, but on the contrary it is expressly found that he had failed to do so.

The complaint was drawn and the trial proceeded upon the theory that appellee was entitled to recover from the appellant four per centum of $8,000.00, or $320.00.   Counsel for appellee, in his brief, still in-sists that this was the correct measure of damages. We are not deciding the question, for it is not pre-sented by the record, whether or not in an action upon the *quantum meruit* upon a proper allegation and proof, the appellee could recover from the appellant a commission on $2,000.00, which the appellant bor-rowed of Baker.   We hold, however, that the appellee, if he is entitled to recover at all, must recover upon the theory of his complaint.

It is the settled rule in this State that a party must recover *secundum allegata et probata* or not at all. *Louisville, etc., R. W. Co.* v. *Renicker,* 8 Ind. App. 404; *Bœsker* v. *Pickett,* 81 Ind. 554; *Hewitt* v. *Pow-ers,* 84 Ind. 295; *Western Union Tel. Co.* v. *Reed,* 96 Ind. 195; *Ivens* v. *Cincinnati, etc., R. W. Co.,* 103 Ind. 27; *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; *Pennsylvania Co.* v. *Marion,* 104 Ind. 239; *Louisville, etc., R. W. Co.* v. *Godman,* 104 Ind. 490; *Spencer* v. *McGonagle,* 107 Ind. 410.

There is no evidence, disclosed by the special finding of facts, to make a case for appellee under the theory of the complaint and the issues joined, and he was not entitled to recover any judgment thereunder.

The court erred in stating its conclusions of law, and the judgment is reversed, with directions to the court below, to restate its conclusions of law, and render judgment for appellant.

BLACK, J., not present.