## Case v. Moorman.

[No. 3,175.   Filed October 4, 1900.]

TRIAL.—*Pleading.*—*Amendment After Close of Evidence.*—In the trial of an action in replevin it was disclosed by the evidence that the property in question was involved in a former attachment suit and that plaintiff was present with his attorney and the defense therein made was that plaintiff was the owner of the property then in controversy, but it was decided in such case that it was the property of another. *Held*, that the action of the court in permitting defendant at the close of the evidence to file an additional paragraph of answer setting up such matters was not error. *pp. 294-296.*

PLEADING.—*Answer.*—*Former Adjudication.*—In an action in replevin an answer that the title to the property in question had been judicially determined against plaintiff's claim of ownership in an attachment proceeding in which trial plaintiff was present in person and by counsel to protect his interest in the property was good as against demurrer. *pp. 296, 297.*

From the Fayette Circuit Court. *Affirmed.*

*R. Conner, L. Conner* and *J. E. Watson,* for appellant.

*Edgar O'Hair, D. W. McKee, J. I. Little* and *H. L. Frost,* for appellee.

WILEY, J.—This was an action in replevin in which appellant was plaintiff and appellee defendant. The complaint is in the ordinary form, and as its sufficiency is not questioned no further reference need be made to it. The case was put at issue by an answer in denial and submitted

to a jury for trial. After the evidence had been heard, the appellee asked and was granted leave to file an additional affirmative paragraph of answer, to which appellant objected and excepted. . To this additional paragraph of answer the appellant demurred for want of facts, which demurrer was overruled, and he refused to plead further. After the filing of the additional paragraph of answer and the overruling of the demurrer thereto, the jury were resworn. The appellant refused to argue the case to the jury, and, after argument by counsel for appellee, the jury were instructed by the court, and subsequently returned a verdict for the appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

The only questions raised by the assignment of errors and discussed by appellant are: (1) The action of the court in permitting the appellee to file the additional paragraph of answer, and (2) that the court erred in overruling the demurrer to such additional paragraph of answer.

The decision of the questions thus raised necessitates a brief statement of the facts disclosed by the record and the material averments of the pleading in question. September 20, 1897, Charles Pepper and Louis Pepper commenced an action in attachment in the Franklin Circuit Court against Seymour J. Merrell and Edward Personett, and a writ of attachment was issued and levied upon the property described in appellant's complaint. The appellee herein was the sheriff of said county and charged with the execution of the writ. November 6, 1897, appellant commenced this action in the same court. Summons was served, appellee appeared, and appellant, on December 9, 1897, moved for a change of venue from the county, and the venue was changed to the court below. December 11, 1897, the first above mentioned action was tried in the court where it was commenced, resulting in a verdict and judgment for the plaintiffs, and by which it was adjudged that the property attached—being the same as described in the complaint in

this case—was the property of Merrell and Personett, and the appellee as such sheriff was ordered to sell it under the judgment. On the 1st day of June, 1898, the appellee filed in the court below his answer in denial, and the same day the case was submitted to a jury for trial. In the trial of the case below, the appellant was represented by one F. M. Alexander and other counsel. In the trial of the case at bar, it was disclosed by the evidence that appellant, in the case of Pepper and Pepper against Merrell and Personett, above referred to, employed the said Alexander as his attorney to represent him and protect his interests in said case; that he was present with his attorney at the trial of the case; that he sat by his counsel and advised with him in the examination of witnesses. These facts are all averred in the supplemental and additional paragraph of answer, and it is also averred that the said Alexander managed and conducted the defense in said case on behalf of the said Case and the nominal defendants therein. It is shown that in the trial of the Pepper case the defense was made that appellant here was the owner of the property in controversy, and he attempted to establish the fact by employing counsel, attending the trial in person, testifying as a witness, and advising with counsel during the progress of the trial.

It is urged by appellant's counsel that, under the facts disclosed by the record, it was an abuse of discretion of the trial court to allow appellee, after the close of the evidence, to file the additional paragraph of answer. The rule in this State has long been settled that it is within the discretion of the trial court to allow the filing of additional pleadings after the issues are closed, and even after the close of the evidence, and such action will not be reviewed except where it appears that there has been a plain abuse of such discretion.

In *Bever* v. *North,* 107 Ind. 544, the court by Elliott, J., said: "The matter of permitting the opening of the issues for the purpose of filing additional pleadings is to a

great extent a matter of discretion, and we cannot interfere with its exercise. It is only where it is made to appear that there was an abuse of discretion that we can reverse the judgment of the trial court." See, also, *Trees* v. *Eakin,* 9 Ind. 554; *Louisville, etc., R. Co.* v. *Hubbard,* 116 Ind. 193; *Burnett* v. *Milnes,* 148 Ind. 230; *Sandford, etc., Co.* v. *Mullen,* 1 Ind. App. 204; *Myers* v. *Moore,* 3 Ind. App. 226; *Adams* v. *Main,* 3 Ind. App. 232, 50 Am. St. 266; *Peigh* v. *Huffman,* 6 Ind. App. 658; *Keck* v. *State, etc.,* 12 Ind. App. 119; *Diltz* v. *Spahr,* 16 Ind. App. 591; *Brandt* v. *State,* 17 Ind. App. 311; *Smith* v. *Byers,* 20 Ind. App. 51.

Another rule is that where the trial court has permitted amendments to be made to pleadings during the progress of the trial, and after the conclusion of the evidence, the adverse party must affirmatively show that he was prejudiced thereby, before he will be entitled to a reversal on that ground. See *Diltz* v. *Spahr, supra,* and cases there cited.

In the case before us, no showing is made that appellant was prejudiced by the amendment. Our conclusion on this point is that the court was not in error in permitting appellee to file the additional paragraph of answer.

Much that we have said is applicable to the second proposition discussed. The additional paragraph of answer was good against a demurrer for want of facts, for at least three reasons: (1) It disclosed the fact that during the introduction of evidence it developed that appellant had employed counsel in the case of Pepper and Pepper against Merrell and Personett, to protect his interest in the identical property in controversy here, he at the time and in that case claiming that he was the owner. (2) It avers facts that show that he was privy to that action and was bound by the judgment. See *Burns* v. *Gavin,* 118 Ind. 320; *Palmer* v. *Hayes,* 112 Ind. 289. (3) It averred the rendition of a judgment in a judicial proceeding showing that it had been solemnly adjudged in such proceeding that the title to the

property in question was in a third person, and while it is held that such proof is provable under the general denial (see *Fruits* v. *Elmore,* 8 Ind. App. 278), no harm could come to appellant by specially pleading the fact.

Anything which tends to defeat the plaintiff's claim of title, where he asserts his claim of ownership by an action in replevin, may be proved under the general denial (see *Aultman* v. *Forgey,* 10 Ind. App. 397; *Shipman, etc., Co.* v. *Pfeiffer,* 11 Ind. App. 445), and it certainly follows that specially pleading any such facts in defense could not be harmful to the plaintiff.

The court did not err in overruling the demurrer to the additional paragraph of answer.   Judgment affirmed.