## CALLAN v. SCHWING ET AL.

[No. 11,543. Filed March 9, 1923.]

1. REPLEVIN.—*Answer.*—*Sufficiency.*—*Property Held under Writ of Attachment.*—In an action to replevy an automobile, an answer alleging that defendants held possession of the automobile by virtue of a writ of attachment was good as against demurrer, as it put in issue the ownership of the property involved. p. 371.

2. FRAUDULENT CONVEYANCES.—*Fraud.*—*Evidence.*—That plaintiff purchased from her son-in-law an automobile, with no knowledge on her part of its value, or whether it was in any manner incumbered by liens, together with the absence of any effort to comply with the law in transferring the title, was sufficient to warrant an inference by the court that the pretended deal was fraudulent. p. 371.

From Dearborn Circuit Court; *Charles A. Lowe,* Judge.

Action by Vina Callan against Julius Schwing and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Estal G. Bielby,* for appellant.

*Martin J. Givan,* for appellees.

NICHOLS, C. J.—Action by appellant to replevy an automobile of which she claimed to be the owner, and that had been taken by appellees on a writ of attachment against her son-in-law, Clarence Swango, in a certain suit pending in the Dearborn Circuit Court.

Appellees answered that they held possession of said property by virtue of said writ and not otherwise. A demurrer to the answer was overruled, there was a trial by the court, and a finding and judgment in favor of appellees, from which, after appellant's motion for a new trial was overruled, this appeal.

Appellant presents error of the court in overruling her demurrer to the answer, and in overruling her motion for a new trial.    An answer in denial would

1. have met appellees' requirements.    The pleading here involved put in issue the ownership of the automobile, and as such it was sufficient.    *Davis* v. *Warfield* (1872), 38 Ind. 461, 463; *Jackson* v. *Morgan* (1906), 167 Ind. 528, 533, 78 N. E. 633; *Shipman Coal, etc., Co.* v. *Pfeiffer* (1895), 11 Ind. App. 445, 39 N. E. 291; *Case* v. *Moorman* (1900), 25 Ind. App. 293, 297, 58 N. E. 85.

Appellant says that there was no evidence to sustain the decision of the court.    With this contention we cannot agree.    The circumstances surrounding the

2. transaction in which appellant, an elderly woman, claimed to purchase the automobile from her son-in-law, with no knowledge of its value, or whether it was in any manner encumbered by any liens, together with the absence of any effort to comply with the law in transferring the title, was certainly some evidence from which the court might infer the fraudulent nature of the pretended deal.    Under such circumstances, this court will not disturb the decision of the trial court. Judgment affirmed.