ELBRIDGE SOULE *vs.* JOSEPH M. FROST.

Sagadahoc. Opinion April 9, 1884.

*Partnership. Tenants in common.*

Two persons purchased timber-lands and gave their joint notes, secured by mortgage, for a portion of the purchase money, then as co-partners they cut therefrom and manufactured a portion of the timber. About two years after the business of the firm ceased, one of the partners paid a judgment rendered on one of the mortgage notes, and both joined in a deed of quit-claim of the lands to the mortgagee as a compromise settlement of the mortgage debt. *Held,* that the one who paid the money could maintain an action at law against the other for one-half the amount so paid.

ON REPORT.

Assumpsit to recover one-half of the sum of nine hundred seventeen dollars and sixty-eight cents, alleged to have been paid by the plaintiff on a judgment rendered against the plaintiff and defendant, jointly.

The writ was dated July 9, 1877.

The plea was the general issue with the following brief statement :

"And for brief statement of defence, the defendant not waiving his plea of general issue, by him in pleading pleaded, but insisting on the same, saith that the plaintiff his aforesaid action against him ought not to have and maintain, because he says, the money alleged by the plaintiff to have been paid by the plaintiff to the use of the defendant, if paid, was paid in discharge of a debt, contracted by the plaintiff and defendant as co-tenants of land and co-partners in business by them jointly conducted in connection with the use of said land, and that there are still remaining other affairs of the said co-partnership unsettled, and that a recovery of the plaintiff in said action, and payment of the judgment would not close the affairs of the said firm."

The facts as found by the court are stated in the opinion.

The case was twice argued.

*C. W. Larrabee*, for the plaintiff.

*W. Gilbert*, for the defendant.

SYMONDS, J. The case does not show that the plaintiff and the defendant at any time were partners in the title to real estate ; that the timber-lands were ever held by them as assets of the firm. The partnership was in the lumbering operation on the land after it had been conveyed to them as tenants in common.

For some reason, which the case does not explain, the plaintiff advanced in cash one thousand dollars, and the defendant five hundred dollars only, towards the purchase of the land, while the joint and several notes of the two were given for the five thousand dollars remaining unpaid, secured by mortgage. All the business of the firm was done from August, 1868, to July, 1869. The mill was burned in September, 1869. On July 15, 1871, the plaintiff paid nine hundred seventeen dollars and sixty-eight cents in discharge of an execution against the defendant and himself; issued upon a judgment recovered on the mortgage notes which had fallen due —— that sum, less than the amount due on the execution, being received by the creditor in full satisfaction of it, and the transaction being closed by common consent

by the surrender to these parties of their unpaid mortgage notes, and a release from them to their vendor of their interest in the premises. Half of the sum so paid by the plaintiff in July, 1871, he seeks to recover in this action.

It was paid by one joint debtor, with the knowledge and approval of the other, to discharge the joint debt, and the payment had the effect to release the defendant from an equal liability with the plaintiff. The defence, however, alleges that this was only one of the transactions of a firm, and that the relations between the plaintiff and the defendant as partners and as tenants in common in land, are such as to require resort to proceedings in equity to adjust them.

The statement already made that they were not partners in the ownership of land, is in accordance both with the pleadings and with the evidence. The existence of the firm, therefore, if conceded, does not preclude either party from the right of action at common law to recover an amount due him on account of expenditures (from his own funds) pertaining to the title. The mortgage notes on which the execution was obtained were not the notes of a firm, but of two individuals who had bought lands together. That partnership funds were applied to this payment on account of the land, is not proved. It is denied by the plaintiff, and the circumstances of the case, the failure of the business, the lapse of time, tend to corroborate him. In this situation of the parties, we see nothing in the fact that a partnership existed between them to the extent indicated, and that there has been no adjustment between the partners of the accounts of the firm, its assets and liabilities and the relations of debt and credit between its members — though timber taken from the land by consent may have gone into the firm assets — to defeat the plaintiff's right of action for contribution towards a payment subsequently made by him personally, in discharge of the joint notes of himself and the defendant given by them as individuals, and not as partners, to secure title to the land. The affairs of the partnership stand by themselves. In matters outside of it, the ordinary relation of debtor and creditor may exist between the partners.

As tenants in common of land, in matters not pertaining to the firm, the evidence shows nothing unsettled between the plaintiff and defendant, except this payment of July, 1871. The plaintiff makes no claim in this action on account of his apparent over-payment of five hundred dollars at the original purchase, and the facts in regard to it do not appear. We do not know whether it stands free from partnership transactions or is complicated with them. There is nothing to show what the arrangement or agreement was about it. For all that appears there may have been a consideration for the disparity at the time, or it may have been already the subject of adjustment between the parties. The plaintiff does not now claim, nor does the report show that he has ever claimed, anything due to him from the defendant on that account.

If both these items—the five hundred dollars and the nine hundred seventeen dollars and sixty-eight cents — were in dispute in the present action, and the five hundred dollars stood apart from the firm accounts, as the nine hundred seventeen dollars and sixty-eight cents does, it is not apparent what difficulty there would be, arising from the tenancy in common, in adjusting them according to the express or implied agreement of the parties; but, as the case is presented, only one item is in controversy, and we think the weight of evidence is in favor of the plaintiff's claim, that about two years after the business of the firm ceased he paid out of his own funds the sum of nine hundred seventeen dollars and sixty-eight cents, to discharge a debt on which the defendant was holden jointly with him, after negotiations in which the defendant took part, and to which he acceded by joining in the quitclaim deed given in pursuance thereof, that this payment was distinct from firm affairs, and that the state of facts arising from the tenancy in common in the lands, affords no ground of defence to the action.

*Judgment for plaintiff for $458.84,*
*and interest from July 15, 1871.*

PETERS, C. J., WALTON, DANFORTH and LIBBEY, JJ., concurred.