No. 1,398.

## KECK ET AL. *v.* STATE, EX REL. NATIONAL CASH REGISTER COMPANY.

AMENDMENT OF PLEADING.—*Discretion of Court.*—It is largely within the discretion of the court whether or not an amendment of a pleading may be made; and such discretion will not be disturbed unless a clear abuse is shown. The court has full power to permit a pleading to be amended in order that it may conform to the evidence.

SAME.—*Continuance.—Changing ·Issues.*—The person objecting to an amendment of a pleading after the evidence is closed is entitled to introduce additional evidence to meet any issues that may be changed by such amendment; and if necessary to accomplish that end, he is entitled to a continuance to secure his witness; but in order to present any question relative to the introduction of the proposed evidence, he must offer it if at hand, and if not at hand, move for a continuance until he can obtain it.

PAYMENT.—*Note or Bill Payable in Bank.—Rebutting Presumption of Payment.—Burden.*—Taking a note or bill of exchange payable in a bank of this State operates *prima facie* as the payment of the debt for which it is taken, and the burden is upon the creditor to show that it was not so received. In such an instance the presumption of payment may be rebutted by evidence that the note or bill was· not so received.

CONTRACT.—*Evidence to Vary Terms of Written Contract.—Bills of Exchange.*—The terms of a written contract in which the purchaser of an instrument agrees to pay a certain cash sum for it, or five days after shipment of it to make bills of exchange for the full amount due, payable in a certain amount monthly, the title to the instrument to remain in the vendor until it is paid for in full, is not violated by allowing the introduction of testimony of witnesses to show that the bills were not to be taken as payments, and that the title was to remain in the vendor until they had been paid in cash.

PRACTICE.—*Absolute Title Averred.—Evidence of a Qualified Title.*— Under an averment of an absolute title, evidence of a qualified title may be shown.

CONTRACT.—*Conditional Sale.—Title not Vesting Until Paid for.*—A contract of sale providing that the title to the article sold shall remain in the vendor until all the purchase-money is paid, is valid.

EXECUTION.—*Defendant Holding Property by Conditional Title.*—An article held by the vendee upon the condition that the title to it is not to vest in him until he has paid for it can not be levied upon and sold under an execution against him.

CONSTABLE.—*Sale on Execution.—Defendant Holding Property Under a Conditional Sale.—Liability.*—A constable who levies an execution upon property in the possession of the execution defendant by virtue of a contract that the title to such property is not to vest in such vendee until paid for, is liable to the vendor on his bond for ·its value if he sell such property.

CHATTEL MORTGAGE.—*Sale on Execution.—Liability of Execution Officer.*—If an execution officer sell property upon which there is a chattel mortgage, and delivers it to the purchaser, without requiring him to comply with the conditions of such mortgage, he will be liable to the mortgagee on his official bond for damages.

From the Howard Circuit Court.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellants.

*M. Bell, W. C. Purdum* and *D. A. Woods,* for appellee.

REINHARD, J.—The appellant Keck is a constable, and the other appellants are his bondsmen. ·This action was instituted by the State on the relation of the National Cash Register Company upon the official bond of said Keck as constable. The alleged breach of official duty counted upon in the complaint consists of the unlawful sale by said Keck, upon execution, of a certain cash register machine belonging to relator, of the value of $200, as the property of, and to satisfy certain judgments against, one Charles Weidner, who had said machine in possession by virtue of a contract between him and the appellee's relator, according to which he was to become the owner thereof when he had paid the purchase-price therefor, which was $200.

There was a trial by the court and a finding and judgment in favor of appellee's relator for $175.

A demurrer to the complaint was overruled, and this ruling is assigned as error. We have examined the complaint and think it is sufficient to withstand the ·demurrer. It was not necessary to allege, in specific terms,

Keck *et al. v.* State, *ex rel.* National Cash Register Company.

that the property was not subject to be sold upon execution. The complaint shows this sufficiently by the averment of title in the relator.

In the original complaint it was averred that the National Cash Register Company is the absolute owner of the property in controversy. After the evidence had been concluded and the cause submitted for decision, but before a finding was announced, the relator was permitted to amend the complaint by striking out the word "absolute" before the word owner. The appellants contend that this was error. We attach but very little importance to the amendment, but if it was material the court had the power to allow it to be made in order to avoid a variance between the pleading and proof, although the amendment, if proper, might be deemed to have been made without actually making it. *Evansville, etc., R. R. Co.* v. *Maddux,* 134 Ind. 571; *McKeen* v. *Porter,* 134 Ind. 483; *Johnson* v. *McNabb,* 7 Ind. App. 393; *Louisville, etc., R. W. Co.* v. *Steele,* 6 Ind. App. 183.

Such rulings are largely within the judicial discretion and will not be disturbed unless a clear abuse is shown. *Peigh, Exr.,* v. *Huffman,* 6 Ind. App. 658; *Goodbub* v. *Scheller,* 3 Ind. App. 318; *Adams* v. *Main,* 3 Ind. App. 232; *Myers* v. *Moore,* 3 Ind. App. 226.

Appellants' counsel contend that the amendment was an entire change of the issues, and therefore worked an injury to appellants. If this is true, the appellants were clearly entitled to introduce additional evidence to meet the issues as reformed, and if necessary to accomplish that end, they were entitled to a continuance to secure the attendance of their witnesses. It does not appear, however, that they offered to introduce any further testimony, or that they applied for a postponement of the case.

No showing is made by them which indicates that they were in anywise injured by the amendment.

By the overruling of the motion for a new trial, and the exception to such ruling, various questions are presented. The facts are practically undisputed, and are substantially as follows:

One Charles Weidner, who was engaged in the mercantile business at Kokomo, on the 23d day of March, 1891, made a written contract with the National Cash Register Company by which the latter was to ship him one of their cash registering machines, and on the fulfillment of the order Weidner was to pay the company $200. The contract further provided as follows: "Or, five days after shipment, you to make drafts of full amount payable, viz.: $25 payable at sight and $15 payable monthly. * * * It is agreed that the title of the said cash register shall not pass until the same is paid for in full, and shall remain your property until that time. This contract covers all agreements between the parties hereto."

There are other stipulations in the contract, which we need not set forth, as they do not affect the questions upon which we are required to pass.

Weidner paid $25 in cash upon the receipt of the register, and accepted twelve drafts for $15 each. Weidner having failed in business, and judgments having been rendered against him by a justice of the peace in favor of other parties, executions upon such judgments came into the hands of Keck, as constable, who levied them upon the cash register in controversy, which was then in Weidner's possession. Keck advertised and sold the register on the executions and delivered the same to the purchasers without having required them to pay the relator the purchase-money which Weidner had agreed to pay for the machine.

Appellants' counsel earnestly insist that the acceptance by Weidner, and the receipt by the relator of the drafts mentioned, constituted a payment which amounted to such a discharge of the debt as transferred the title to Weidner.

It is a well settled rule that the taking of a note payable in a bank in this State, or of a bill of exchange or other instrument governed by the law merchant, operates *prima facie* as the payment of the debt, and the burden is upon the creditor to show that it was not so received. *Nixon* v. *Beard,* 111 Ind. 137; *Teal* v. *Spangler,* 72 Ind. 380; *Schneider* v. *Kolthoff,* 59 Ind. 568; *Hill* v. *Sloan,* 59 Ind. 181. *Smith* v. *Bettger,* 68 Ind. 254.

This presumption, however, is not a conclusive one, but may be rebutted by evidence that the note or instrument was not received as payment. The instruments had all the characteristics and form of bills of exchange, and were payable at the Howard National Bank of Kokomo. *Prima facie* they constituted a payment of the debt for the machine. Evidence was given at the trial, however, to the effect that these instruments were not to be taken as payment, and that the title to the machine was not to vest in Weidner until the money was actually paid. This was sufficient to overcome the presumption of payment raised by the acceptances.

Nor was there any error in the court's allowing witnesses to testify that the bills of exchange were not to be taken as payments, and that the title was to remain in the relator until the instruments had been paid in cash. The introduction of the testimony did not violate the rule that the contents of a written instrument may not be varied or contradicted by parol testimony. Here the contract contained no stipulation upon the subject of whether the instruments were to be considered as payment or not, and it was, therefore, proper that this feat-

ure be explained by parol evidence. The testimony was also proper for the reason that the contract was not complete, but amounted only to a written order for the machine. It still required an acceptance of the order by the relator, the delivery of the machine to Weidner and the execution of the instruments by him to the relator to make the contract complete. What occurred, therefore, after the execution of the order, including the delivery of the machine to Weidner, the acceptance by him of the drafts, and any parol agreement as to whether or not they should be taken as payment, was part of the *res gestæ,* and was proper to be considered in evidence.

The court did not err in admitting the written contract or order for the cash register in evidence. It was in some sense the evidence of the relator's title, and it had the right to prove such title by this means. The fact that the original complaint averred an "absolute title was no reason for excluding the contract. Besides, if this was error at the time, it was cured when the complaint was amended.

It is further contended that the appellants are not liable because it is shown that Weidner had some interest in the machine, and that, whatever this interest was, the appellant Keck had a right to levy upon and sell. We do not think this position is tenable. It is not denied by appellants' counsel that a contract of the kind here relied upon is valid and that a vendor of personal property may, by agreement with the vendee, retain the title in himself until the property is paid for. The mere payment of a part of the purchase money does not convey any title to the purchaser nor does it confer upon him any interest therein which makes the property subject to seizure and sale on execution. *Sage* v. *Sleutz,* 23 Ohio St. 1; *Strong* v. *Taylor,* 2 Hill (N. Y.), 326; *Herring* v. *Hoppock,* 15 N. Y. 409; *Piser* v. *Stearns,* 1 Hilton (N.

Y. 86; *Johnson* v. *White*, 46 Cal. 329; *Barrett* v. *Pritchard*, 2 Pick. 512; Herman Ex., section 131, p. 175.

There is no statute in this State of which we have any knowledge, that allows the purchaser's interest in such property to be sold on execution, and it is a well known rule of the common law that a mere equitable interest in personal property, unaccompanied by possession, can not be so sold. Herman Ex., section 131, p. 177.

It is true that here the purchaser had possession, but the possession was only for a specific purpose, namely, for the purpose of performing his part of the agreement. It was not an unqualified possession. The case is not like that of a mortgagor in possession, for Weidner acquired no interest in the property by the contract. He only contracted for an interest at some time in the future, when he had complied with certain conditions. Such an interest is not subject to levy and sale. *Strong* v. *Taylor*, *supra*.

One reason why mortgaged chattels may be sold on execution is because the statute so provides. R. S. 1894, section 734 (R. S. 1881, section 722).

But even in such a case, the right of the purchaser at the sale to hold the property depends upon his compliance with the conditions of the mortgage, and if the officer who sells the property delivers it to the purchaser without requiring him to comply with such conditions, he is liable to the mortgagee on his official bond. *Collins* v. *State, ex rel.*,3 Ind. App. 542; *McDaniel* v. *State, ex rel.*, 118 Ind. 239.

We have carefully examined all the questions presented, and have not been able to find any reversible error.

Judgment affirmed.

Ross, C. J., and GAVIN, J., were absent.

Filed March 1, 1895.