## ALLEN REALTY COMPANY *v.* UHLER.

[No. 11,989. Filed February 20, 1925. Rehearing denied May 14, 1925.]

1. FRAUD.—*Failure of party occupying fiduciary relation to another to disclose all material facts constitutes fraud.*—Where a relation of trust and confidence obtains between parties, there is a duty on the part of the party occupying the fiduciary relation to disclose all material facts relative to any business transaction between them, and failure to do so constitutes fraud. p. 107.

2. BILLS AND NOTES.—*Answer in action on note alleging fraud in the procurement thereof was sufficient.*—In an action by the payee, a corporation, against the maker of a note, an answer alleging that while the plaintiff occupied a fiduciary relation towards the defendant, it pretended to purchase a farm

jointly with defendant, and fraudulently represented that it had paid $8,000 of the purchase price, when, in fact, it had paid none of the purchase price but was buying said farm at a price $8,000 less than the purchase price as represented to defendant, and that, after said farm so purchased had been exchanged for other property, defendant had given the note sued on in satisfaction of its claimed equity, was sufficient on demurrer.   p. 107.

3.   APPEAL.—*Overruling demurrer to paragraph of answer reversible error though facts alleged could have been proved under another paragraph if it did not constitute good defense.* —Even though the facts proving an allegation of fraud in one paragraph of answer might have been proved under another paragraph alleging no consideration, overruling a demurrer to such paragraph would be error if it did not constitute a good defense. (*Burton* v. *Burton*, 77 Ind. App. 438, on this point disapproved).   p. 108.

4.   ESTOPPEL.—*Plea of estoppel must aver knowledge of facts on which estoppel is based by party claimed to be estopped.*—One who has been defrauded by another but knowingly accepts the benefits of the fraudulent transaction may be estopped to plead such fraud as a defense to a note given to the defrauding party, but a pleading setting up such estoppel is defective without an averment of such knowledge.   p. 108.

5.   FRAUD.—*Fraud in misrepresenting price of property purchased jointly not obviated by fact that property worth price represented.*—Where one occupying a fiduciary relation toward another arranged with the latter to jointly purchase a farm, but misrepresented the price to be paid and that he was paying part of the purchase price, and so committed a fraud on his *cestui que trust*, the fact that the farm was actually worth the price which was represented would be immaterial, and would not preclude recovery by the defrauded party.   p. 108.

6.   APPEAL.—*Judgment will not be reversed for erroneous instructions when right result has been reached.*—Judgment will not be reversed for erroneous instructions where it is clearly shown by the record that a right result has been reached.   p. 109.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by the Allen Realty Company against Anna C. Uhler.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*   By the second division.

*Vesey & Vesey, Simmons, Dailey & Simmons* and *Eichhorn & Edris,* for appellant.

*Sturgis, Stine & Sturgis* and *Hoffman & Hoffman,* for appellee.

NICHOLS, J.—Action by appellant against appellee on a promissory note for $4,000.

The complaint is in the usual form of complaints in such actions.

Appellee answered in general denial, a second paragraph of no consideration, a fourth of payment, and a seventh of fraud. The other paragraphs are not here involved. Appellant's demurrer to the seventh paragraph of answer was overruled. Thereupon, appellant replied in denial, and with three affirmative paragraphs. To the third paragraph of reply, appellee's demurrer was sustained. There was a trial by jury which resulted in a verdict for appellee, upon which, after appellant's motion for a new trial was overruled, judgment was rendered. Appellant assigns as error the action of the court in overruling its demurrer to the seventh paragraph of answer, in sustaining appellee's demurrer to its third paragraph of reply, and in overruling its motion for a new trial.

Briefly, the seventh paragraph of answer avers that the note in this suit was given to appellant as a result of the following real estate transaction.

On or about July 17, 1917, one Smith, real estate agent, now deceased, had a meeting with appellee and one Cook, then secretary of the Citizens Trust Company and stockholder and director in appellant company, in the place of business of said trust company and pretended to sell appellee and said Cook or appellant, a certain farm, lying six miles north of Fort Wayne, Indiana, for $40,000; that there was a mortgage of $24,000 thereon, which appellant and appellee were to assume, and each of them was to pay $8,000,

being the full consideration for said farm. Appellee paid appellant her said sum of $8,000, but appellant failed to pay its $8,000 or any part thereof, and, in truth and in fact, appellant was purchasing said farm for $32,000 and no more. At said time, appellee placed absolute confidence in appellant, believed the representations so made by appellant that the purchase price of said farm was $40,000 and that appellant would pay $8,000 as a part of the consideration, left the entire deal in appellant's and Cook's hands and, relying upon said representations, paid $8,000 herself to appellant as consideration for the purchase of said farm, the title to which, without the knowledge of appellee, was taken in the name of appellant.

Said farm was exchanged by plaintiff for a property in Fort Wayne and for no other consideration, the title to which property was taken in appellant's name. Appellant did not own said farm or any interest therein at the time it was exchanged for said property, and never acquired any interest in said property by virtue of said exchange. At all times, Cook was acting for and in behalf of appellant.

At the time of the exchange of said farm for said city property, appellant told appellee that she would owe it $4,000 for its equity in said farm and property. Appellee believed the representations of appellant and Cook, which were false and fraudulent, that they had expended $8,000 in the purchase of said farm, relied upon said representations, and executed her note the renewal of which is sued on.

Appellee received nothing from appellant or anyone on its behalf in consideration for said note, but she did not discover the facts hereinbefore alleged until after the execution of the note in suit which is the last renewal note.

The third paragraph of reply to the seventh para-

graph of answer, undertakes to aver acts of appellee with reference to the original note and the renewals thereof constituting a waiver of any defense thereto.

That the answer is on the theory of fraud is apparent from a casual reading thereof, and that it discloses a fiduciary relation between appellee and appellant is equally apparent. Appellee, at first, with her husband, and after his death, and without his counsel and alone, placed entire confidence in appellant and its officers, believed their representations that she was a joint purchaser with appellant of the farm, and that appellant was paying its half of the purchase price of the equity therein. Where such a relation of trust and confidence obtains between the parties, there is always a duty to disclose all material facts of the transaction, and a failure so to do constitutes fraud. 26 C. J. 1076; 39 Cyc 1613; *King* v. *White* (1898), 119 Ala. 429, 24 So. 724.

The case of *Grant* v. *Hardy* (1873), 33 Wis. 668, quoting on page 674 from well-known authorities on Equity Jurisprudence, states the rule thus: "Whenever parties stand in such a relation, that, while it continues, confidence is necessarily reposed by the one, and the influence which naturally grows out of the confidence is possessed by the other, and this confidence is abused, or the influence is exerted to obtain an advantage at the expense of the confiding party, the person so availing himself of his position will not be permitted to retain the advantage, although the transaction could not be impeached if no such confidential relation had subsisted." The facts of that case are so similar to the facts here involved and its reasoning is so clear that it seems to us that it is forceful in determining the controversy between the parties hereto. Announcing the same principle, see *Zohn* v. *McMillin* (1897), 36 Atl. (Pa.) 188. Had appellant paid some part of the pur-

chase price but not its full proportion thereof, appellee might have enforced contribution, upon discovery of the fraud. *Soule* v. *Frost* (1884), 76 Me. 119; *Kieffer's Estate* (1890), 136 Pa. St. 535, 20 Atl. 523; *Furman* v. *MacMillian* (1878), 2 Lea (Tenn.) 121. But in this case, appellant paid nothing, and therefore, as between it and appellee, it had no equity in the property, and the note having been given for its equity, it and any renewal thereof would be without consideration.

Even though the facts as disclosed by the seventh paragraph of answer might have been proved under the second paragraph alleging no consideration, it would have been error to overrule the demurrer to the seventh paragraph of answer if it had not stated a good defense, which it did. The rule in this regard as stated by the writer of this opinion in *Burton* v. *Burton* (1922), 77 Ind. App. 436, on page 438, is erroneous and is disapproved.

Had appellee engaged in the transactions averred in the third paragraph of reply, after knowledge of the fraud that had been perpetrated on her, no doubt she would have been estopped thereafter from defending because of the fraud, but there is no averment in the reply of knowledge of the fraud. In this, the reply was defective, and the demurrer thereto was properly sustained. The seventh paragraph of answer avers want of knowledge by appellee of the fraud being perpetrated on her. All the averments of the third paragraph of reply were provable under the reply in general denial, and therefore any error in sustaining the demurrer thereto was harmless.

The evidence as set out in appellant's brief, supplemented by appellee's brief, fully sustains the seventh paragraph of answer, and the verdict of the jury. One of appellant's contentions is that there is no evidence that the farm was worth

less than the amount paid for it, by which we assume that appellant means the $40,000. This may be true, but it is wholly immaterial. *Lowe* v. *Hendricks* (1913), 86 Conn. 481, 85 Atl. 795; *Carnahan* v. *Moore* (1912), 70 Wash. 623, 127 Pac. 195. Appellee was entitled to recover though the farm might have been a good bargain at the price represented to have been paid therefor. *King* v. *White, supra; Bergeron* v. *Miles* (1894). 88 Wis. 397, 60 N. W. 783, 43 Am. St. 911.

We have examined the instructions challenged by appellant, and we find no error in giving them, but even if they were erroneous, it is apparent that, both 6. on the law and the facts, a right result has been reached, and under such circumstances this court will not reverse for erroneous instructions.

The judgment is affirmed.