MILLS ET AL. *v*. CRISS ET AL.

[No. 25,842. Filed November 3, 1933.]

*Rawley, Baumunk & Fisher,* for appellants.

*Herbert R. Criss* and *Bernard C. Craig,* for appellees.

ROLL, J.—This was an action to try the rights of per-
sonal property pursuant to statute. Burns Ann. Stat.
1926, §§1974-1992 inclusive (§§1962-1979, 784, Bald-
win's Ind. Ann. Stat. 1934).

On November 11, 1927, defendants Willie Criss and
Ernest J. Criss, doing business under the firm name of
Criss Brothers, obtained a judgment against one Roy

Overman for $199.35 in the justice of the peace court of Amos Crist, in Perry township, Clay county, Indiana; on the same day said justice issued to Paul Miller a special constable of his court, and one of the defendants and one of the appellees herein, an execution commanding him to levy upon the property of Roy Overman and thereby satisfy said judgment. Pursuant thereto on November 11, 1927, Paul Miller as such special constable, levied on the property of Roy Overman. Among the property levied upon was one John Deere eight-foot cut binder of the value of $225.00 which is the property in controversy in this action. Thereafter and while said binder was in the possession of Paul Miller as special constable, he (Paul Miller) served written notice on plaintiffs, appellants herein, to come into the court of Amos Crist and assert whatever claim they might have in and to this binder, pursuant to §1990 Burns Ann. Stat. 1926 (§1978 Baldwin's 1934), and thereupon plaintiffs filed their verified complaint before Amos Crist as justice of the peace, in which Criss Brothers and Paul Miller were made defendants, alleging that plaintiffs, appellants herein, were the absolute owners of the John Deere binder, here in controversy.

There was a trial upon appellants' verified complaint and a finding and judgment in favor of appellees. Appellants appealed to the circuit court where there was likewise a finding and judgment in favor of appellees. The court overruled appellants' motion for a new trial which is the only error assigned on this appeal. Appellant assigns as causes for a new trial, first, that the decision of the court is not sustained by sufficient evidence, and second, that it is contrary to law.

The evidence produced at the trial shows in substance the following facts: That the binder in question had been seized by the special constable to satisfy the judgment which appellee Criss Brothers had obtained

against Roy Overman. Overman had purchased the binder from Mills and Woodruff, appellants herein, on June 23, 1926, under what is known as a conditional sales contract, which contract provided in part as follows:

"The expressed condition of the conditional sale and purchase of the one John Deere eight-foot cut binder for which this note is given, is such that the title and ownership thereof does not pass from Mills and Woodruff until this and all other notes given for said goods shall be paid for in cash."

That said note was for the sum of $225.00, and no payment had been made thereon. The note was dated June 23, 1926, and due September 23, 1926. That after the property had been seized by the appellee Miller, and before the bringing of this action to wit: January 18, 1928, Overman executed to appellants a chattel mortgage in which was listed various articles of farm machinery and other property. Among the articles mentioned in said mortgage was the John Deere binder here in question. The evidence shows that Overman owed appellant an open account, the exact amount is not disclosed, also a note given for a tractor besides the conditional sales note given for the binder for $225.00. That the total indebtedness, by Overman to appellants, exclusive of interest, amounted to $1,150.00. No new note was given either at the time the mortgage was given or before. The mortgage recites that it was given to secure an open account and promissory note. Appellants did not surrender the conditional sales note and there is no evidence that such was the intention of either the mortgagee or mortgagor.

Appellee contends that the giving of the chattel mortgage by Overman to appellants and the taking of a new note constituted a new contract between appellants and Overman and that thereby Overman became possessed of such an interest in the binder that it was subject to sale upon execution. However that might be, the plain

and uncontradicted evidence is that Overman did not execute and appellants did not receive any new note. In fact the only evidence on this subject is that given by appellant Woodruff upon cross-examination. The record discloses that B. C. Craig, one of the attorneys for appellees, asked the following questions to which appellant Woodruff made the following answers:

Q. You took a chattel mortgage?

A. Yes.

Q. And you took another note?

A. No sir.

This is all the evidence given on the trial relative to a new note.

A contract between vendor and vendee whereby a vendor retains title to the property sold has been recognized by the courts of this state as valid and that such a contract does not pass to the purchaser any interest therein which can be subject to seizure and sold on execution. *Keck et al.* v. *State ex rel.* (1894), 12 Ind. App. 119, 39 N. E. 899, and cases therein cited. The possession of the binder by Overman was not an unqualified possession, but was for the specific purpose of performing his part of the agreement, and did not obtain title thereto until he had complied with the terms of the contract, in this case, till he had paid the full purchase price in cash, which he had not done. Therefore Overman had no interest in the property here in question that was subject to seizure and sale upon execution. The fact that he included it in a chattel mortgage to the seller, in itself, could in no way transfer any title to him or deprive the mortgagee of any of its title.

The finding and decision of the lower court is clearly not supported by the evidence and is contrary to law.

Judgment reversed, with instruction to the lower court to grant appellants' motion for a new trial, and for further proceedings consistent with this opinion.