SCHILL *v.* CHOATE.

[No. 568A93. Filed May 26, 1969. No petition for rehearing filed.]

*Donald R. Willsey* and *Benton R. Millis,* of Indianapolis, for appellants.

*James W. Bradford* and *Buck & Bradford,* of Indianapolis, for appellees.

SHARP, J.—This action was commenced by the Appellees-Plaintiffs, John D. Choate and Mildred Choate, by filing a complaint to cancel conditional sales contract, ejectment and restraining orders wherein the Appellants, Jerry Schill and Mary Schill and also Picciones, Indianapolis Fruit Company, Inc., and A. J. Comella, were named party defendants. The salient allegations of the complaint are (a) the appellees are the owners of certain real estate in Marion County, Indi-

ana and of certain personal property located on said real estate, (b) that Appellees and Defendants, Picciones, entered into a conditional sales contract on January 15, 1962, where Appellees were sellers and Picciones were buyers, the subject of which was the real estate and personal property referred to, which contract provided for the payment by the Picciones to Appellees of the sum of $200.00 per month as principal and interest and Picciones have failed to make these payments as agreed, also Picciones failed to keep the property insured as agreed and failed to pay the taxes on the property as agreed, that the delinquency on principal and interest is in excess of $1600.00, that Appellees have made demands on defendants, Picciones, to no avail, (c) Appellants have an interest in the above described property by virtue of a judgment against the Defendants, Picciones, by virtue of a purported sale of Picciones' interest in the above contract at a Sheriff's sale upon execution of their judgment and Appellants are made party defendants to present whatever claim they may have as to the property above described, (d) the Defendants, Indianapolis Fruit Co., Inc., and A. J. Comella, are attempting to assert an interest in this property by virtue of an action filed in the Marion Circuit Court and are made parties to present whatever claim they have, (e) request restraining order to prevent removal of any personal property, (f) contract should be cancelled, and (g) Appellees should have immediate possession of property.

The Defendants, Indianapolis Fruit Co., Inc., and A. J. Comella, have filed answer and disclaimer.

On March 15, 1967, the trial court granted a default judgment against the Defendants, Picciones. This judgment cancelled any right, title or interest which the Picciones as the contract purchasers had in this instant conditional sales contract.

The Appellees thereafter filed a verified Motion for Summary Judgment against Appellants, Jerry Schill and Mary Schill, which motion, without formal parts, states: .

"Come now the plaintiffs and move the Court for a Summary Judgment in their favor in the above-captioned cause against the defendants, Jerry Schill and Mary Schill, Indianapolis Fruit Co., Inc., and A. J. Comella and in support of their Motion, show the Court as follows:

"1. That on the 23rd day of February, 1967, the plaintiffs filed their action against the defendants to Cancel Conditional Sales Contract as to Real Estate and Personal Property, Ejectment and Restraining Orders.

"2. That judgment was rendered against the defendants, Angelo Piccione and Pasqualina Piccione on March 15, 1967 cancelling any right, title or interest that Angelo Piccione and Pasqualina Piccione had in a certain Conditional Sales Contract as to the real property and personal property enumerated in such Conditional Sales Contract, a copy of which is attached to this Motion and marked as 'Exhibit A' for identification; by reference thereto, 'Exhibit A' is a part of this Motion.

"3. That at all times from the date of the plaintiff's complaint as hereinbefore alleged, the defendants, Piccione, were in possession of the property set forth in 'Exhibit A' and the other defendants had no possession whatever of said property, with the plaintiffs taking possession of said property under an Ejectment Bond on March 8, 1967 and having continuous possession of said property to this date.

"4. That the defendants, A. J. Comella and Indianapolis Fruit Co., Inc. have filed in this cause an 'Answer and Disclaimer', disclaiming any interest in this action and the plaintiffs are requesting, in the event their Motion is sustained, that no costs be assessed individually against A. J. Comella or the Indianapolis Fruit Co., Inc.

"5. That the plaintiffs are the record title-holders and sole owners of the real estate and personal property described in 'Exhibit A' to this Motion and have been such before and continuous since January of 1962.

"6. That in January of 1962 the plaintiffs entered into a Conditional Sales Contract with the defendants, Angelo Piccione and Pasqualina Piccione, which is set forth in 'Exhibit A' of this complaint, which Contract continued until the same was cancelled on March 15, 1967, by this Court.

"7. That the plaintiffs had no business transactions whatever with the defendants, Jerry Schill, Mary Schill,

Indianapolis Fruit Co., Inc. or A. J. Comella in regard to the property set forth in 'Exhibit A' of this Motion.

"8. That the defendants, Jerry Schill and Mary Schill are purporting to claim an interest in the property described in 'Exhibit A' by virtue of a purported purchase of the interest of the defendants, Angelo Piccione and Pasqualina Piccione, at a Sheriff's Sale in the year 1966 on a judgment rendered in their favor against Angelo Piccione and Pasqualina Piccione and execution by the Sheriff of Marion County upon the purported interest of the Picciones in the Conditional Sales Contract attached to this Motion as 'Exhibit A', all of which proceedings the plaintiffs allege are without effect and are unlawful.

"9. That the plaintiffs were never a party to any action filed by Mary Schill, Jerry Schill, Indianapolis Fruit Co., Inc. or A. J. Comella involving the real estate or personal property set forth in 'Exhibit A', nor did they ever consent to a transfer of the Piccione's interest in the Contract marked 'Exhibit A' to said defendants, nor did they have any knowledge of the purported sale upon execution of the Piccione's Conditional Sales Contract interest to Mr. and Mrs. Jerry Schill as aforesaid. That none of the defendants, being Jerry Schill, Mary Schill, A. J. Comella or the Indianapolis Fruit Co., Inc., have any contractual dealings with the plaintiffs in regard to the property set forth in 'Exhibit A' to this Motion nor in any other manner.

"10. That there is no dispute as to the facts regarding the plaintiffs and the defendants herein and the defendants, Indianapolis Fruit Co., Inc. and A. J. Comella, are making no claim upon the property described in 'Exhibit A' of this Complaint.

"11. That the only claim of interest that the defendants, Jerry Schill and Mary Schill are maintaining as to an interest in the property described in 'Exhibit A' is virtue of their purchase of the Conditional Sales Contract equity of Angelo Piccione and Pasqualina Piccione upon execution by the Sheriff of Marion County on a matter which is not related to the property described in 'Exhibit A' and which the plaintiffs had no knowledge at the time of said alleged purchase at Sheriffs Sale, nor did the plaintiffs in any way consent to a transfer of Mr. and Mrs. Piccione's interest to Jerry Schill or Mary Schill.

"12. That a condition of the Conditional Sales Contract attached hereto and marked 'Exhibit A' is that said Con-

tract could not be assigned without the written consent of the Contract sellers, being John D. Choate and Mildred Choate, which consent was never requested, nor was ever given by John D. Choate or Mildred Choate to any of the defendants herein.

"13. That on March 15, 1967 any equity that Angelo Piccione and Pasqualina Piccione had in the Conditional Sales Contract attached to this Motion and marked as 'Exhibit A' was cancelled by this Honorable Court, said Judgment Entry providing that Angelo Piccione and Pasqualina Piccione have no further right, title or interest to the property as set forth in 'Exhibit A' of this Motion, and the Court is requested to take judicial notice of its Judgment Entry of March 15, 1967 in this cause.

"WHEREFORE, plaintiffs pray that a Summary Judgment be entered in their favor against the defendants, Jerry Schill, Mary Schill, A. J. Comella and Indianapolis Fruit Co., Inc., and that the costs of this action be assessed against the defendant, Jerry Schill and Mary Schill, and for all other relief proper in the premises."

Appellees' Motion for Summary Judgment was opposed by the following affidavit of the Appellants:

"Comes now Jerry Schill and Mary Schill, defendants in this action, who first being duly sworn upon oath depose and say:

"1. That they are defendants in the above entitled cause of action; that said cause is brought to cancel a conditional sales contract, for ejectment and restraining orders against Angelo Piccione and Pasqualina Piccione in regard to certain real estate commonly known as 1617 S. East Street, Indianapolis, Indiana, in which defendants, Mary Schill and Jerry Schill have an interest pursuant to a sheriff's sale dated November 16, 1966; that proper notice of said sale was given by the sheriff of Marion County as attested to by a certificate of publication, attached hereto and made a part hereof and marked Exhibit A.

"2. That defendants, Jerry Schill and Mary Schill obtained a valid court order, under proceedings supplementary in the Marion Municipal Court Room No. 2, on July 18th, 1966, directing the Sheriff of Marion County to sell the real estate in controversy herein. That such order was under proceedings supplemental, and the resulting sheriff's sale

was a sale under such theory and not under the doctrine of execution. That the sheriff did sell, and the defendants, Jerry Schill and Mary Schill were the highest bidders at such sale and did purchase the interest of Angelo Piccione and Pasqualina Piccione in said real estate.

"3. That on February 23, 1967 the plaintiffs herein filed their complaint to cancel conditional sales contract, ejectment and restraining orders; that 21 days later on March 16, 1967 without notice to defendant, Jerry Schill and Mary Schill nor their attorney plaintiffs obtained a default judgment from this court. Plaintiffs now contend that said judgment adjudicated the rights and interests of the defendants, Jerry Schill and Mary Schill, even though said defendants had not notice thereof.

"4. That upon purchase of defendants', Angelo Piccione and Pasqualina Piccione, interest in said real estate, defendants, Jerry Schill and Mary Schill tendered to the plaintiffs herein a sufficient amount of money to pay one month's payment on said contract and an additional amount of money to pay the delinquent taxes on said real estate, and offered to bring up to date all payments, taxes, and insurance due on said real estate, and to continue to honor the contract in controversy herein. Said tender was made by check, copies of which are attached hereto, made a part hereof, and marked Exhibit B and Exhibit C.

"5. That the plaintiffs have no basis on which to ask for or be granted a summary judgment in this action.

"6. That affiants verily believe that there is an absolute defense to this action; that all facts set forth in this affidavit are within the personal knowledge of affiant; and affiants, if sworn as witnesses, can testify competently thereto.

"WHEREFORE, affiants pray that a judgment be ordered for the defendants and each of them, that the plaintiff take nothing and that the plaintiffs pay the costs of this action."

On January 19, 1968, the trial court entered special findings of fact and conclusions of law as follows:

"The cause came on by virtue of the plaintiff filing a Complaint to Cancel Conditional Sales Contract, Ejectment and Restraining Orders, filed on February 23, 1967 in re-

gard to the legal ownership of certain real estate located in Marion County, Indiana, which real estate is more particularly described as follows, to-wit:

"Lot No. Fifteen (15) in Seidenstickers and Naltner's Subdivision of a part of North East Quarter (1/4) of Section 13, Township 15 North, Range 3 East, in the City of Indianapolis, as per plat thereof, recorded in Plat Book 4, Page 69 in the Office of the Recorder of Marion County, Indiana. It is agreed between Seller herein and Buyer herein that the attached Exhibit 'A' (being the inventory of the Polka Dot Inn, 1619 S. East Street, and inventory of 1617 1/2 contents of small house at rear of 1617 S. East Street) are not to be taken from this property, bargained, sold or exchanged without the express written consent of seller herein by purchaser herein, until this Conditional Sales Contract is fully paid.

"Subsequently, the Picciones, being Angelo Piccione and Pasqualina Piccione, did not appear in this Court pursuant to the summonses issued to them at the time of the filing of the Complaint by the plaintiffs and the defendants, Indianapolis Fruit Co., Inc. and A. J. Comella subsequently having filed their Disclaimer of any interest in the heretofore described real estate in this Honorable Court on March 15, 1967, entered Judgment in favor of the plaintiffs against Angelo and Pasqualina Piccione canceling any right, title or interest that they might have in the real estate hereinbefore described.

"Subsequently, on or about May 1, 1967 the plaintiffs filed their Motion for Summary Judgment and Brief in support thereof as to the defendants, Jerry Schill and Mary Schill, Indianapolis Fruit Co., Inc. and A. J. Comella, and thereafter the said defendants, Jerry Schill and Mary Schill filed their Motion for Summary Judgment against the plaintiffs and their Brief in support thereof.

"On May 17, 1967 pursuant to notice given, oral argument was held upon the Motion of the plaintiffs for Summary Judgment and the Motion of the defendants, Jerry Schill and Mary Schill for Summary Judgment and no further evidence was offered at said hearing in support of the various Motions for Summary Judgment theretofore filed by the various parties. On said date the Court heard complete argument by both parties as to their Motions for Summary Judgment and both parties, by counsel, informed the Court that they relied upon the proceedings previously filed be-

fore the Court in support of their various Motions. The Court, having reviewed the evidence as filed in the Court, and having heard the argument of counsel, now finds as follows:

## FINDINGS OF FACT

"1. That on the 23rd day of February, 1967 the plaintiffs filed their action against the defendants to Cancel Conditional Sales Contract as to Real Estate and Personal Property, Ejectment and Restraining Orders.

"2. That judgment was rendered against the defendants, Angelo Piccione and Pasqualina Piccione on March 15, 1967 canceling any right, title or interest that Angelo Piccione and Pasqualina Piccione had in a certain Conditional Sales Contract as to the real property and personal property, a copy of which is on file in this Court and attached to the plaintiff's Motion for Summary Judgment and marked as 'Exhibit A' then by reference thereto is described in this Entry.

"3. That at all times from the date of the plaintiff's Complaint as hereinbefore alleged, the defendants Piccione were in possession of the property set forth in 'Exhibit A' and the other defendants had no possession whatever of said property, with the plaintiffs taking possession of said property under an Ejectment Bond on March 8, 1967 and having continuous possession of said property to this date.

"4. That the defendants, A. J. Comella and Indianapolis Fruit Co., Inc. have filed in this cause an 'Answer and Disclaimer', disclaiming any interest in this action.

"5. That the plaintiffs are the record title-holders and sole owners of the real estate and personal property described in 'Exhibit A' to their Motion for Summary Judgment, which description is incorporated in this Entry by reference thereto and have been such before and continuously since January of 1962.

"6. That in January of 1962 the plaintiffs entered into a Conditional Sales Contract with the defendants, Angelo Piccione and Pasqualina Piccione, which is set forth in 'Exhibit A' of their Motion for Summary Judgment, which Contract continued until the same was canceled on March 15, 1967 by this Court.

"7. That the plaintiffs had no business transactions whatever with the defendants, Jerry Schill, Mary Schill, Indianapolis Fruit Co., Inc., or A. J. Comella in regard to the property set forth in 'Exhibit A' of the plaintiff's Motion for Summary Judgment.

"8. That the defendants, Jerry Schill and Mary Schill are purporting to claim an interest in the property described in 'Exhibit A' by virtue of a purported purchase of the interest of the defendants, Angelo Piccione and Pasqualina Piccione, at a Sheriff's Sale in the year 1966 on a judgment rendered in their favor against Angelo Piccione and Pasqualina Piccione and execution by the Sheriff of Marion County upon the purported interest of the Picciones in the Conditional Sales Contract attached to the plaintiff's Motion for Summary Judgment as 'Exhibit A', which proceedings are without force and effect as to any right, title, and interest the defendants, Jerry Schill and Mary Schill may claim in the real estate and personal property heretofore described.

"9. That the plaintiffs were never a party to any action filed by Mary Schill, Jerry Schill, Indianapolis Fruit Co., Inc., or A. J. Comella involving the real estate or personal property set forth in 'Exhibit A', nor did they ever consent to a transfer of the Picciones' interest in the contract marked 'Exhibit A' to said defendants, nor did they have any knowledge of the purported sale upon execution of the Piccione's Contract interest to Mr. and Mrs. Jerry Schill as aforesaid. That none of the defendants, being Jerry Schill, Mary Schill, A. J. Comella or the Indianapois Fruit Co., Inc. have any contractual dealings with the plaintiffs in regard to the property set forth in 'Exhibit A' in the plaintiff's Motion for Summary Judgment, nor in any other matter.

"10. That there is no dispute as to the facts regarding the plaintiffs and the defendants herein and the defendants, Indianapolis Fruit Co., Inc., and A. J. Comella, are making no claim upon the property described in 'Exhibit A' to the plaintiff's Motion for Summary Judgment.

"11. That the only claim of interest that the defendants, Jerry Schill and Mary Schill are maintaining as to an interest in the property described in 'Exhibit A' is by virtue of their purchase of the Conditional Sales Contract equity of Angelo Piccione and Pasqualina Piccione upon execution by the Sheriff of Marion County on a matter which is not related to the property described in 'Exhibit A' and

which the plaintiffs had no knowledge at the time of said alleged purchase at Sheriff's Sale, nor did the plaintiffs in any way consent to a transfer of Mr. & Mrs. Piccione's interest to Jerry Schill or Mary Schill.

"12. That a condition of the Conditional Sales Contract attached to the plaintiffs' Motion for Summary Judgment marked as 'Exhibit A' is that said Contract could not be assigned without the written consent of the contract sellers, being John D. Choate and Mildred Choate which consent was never requested, nor was ever given by John D. Choate or Mildred Choate to any of the defendants herein.

"13. That on March 15, 1967 any equity that Angelo Piccione and Pasqualina Piccione had in the Conditional Sales Contract attached to the plaintiffs' Motion for Summary Judgment and marked as 'Exhibit A' was canceled by this Honorable Court, said Judgment Entry providing that Angelo Piccione and Pasqualina Piccione have no further right, title or interest to the property as set forth in 'Exhibit A' of the plaintiffs' Motion for Summary Judgment and the Court takes judicial notice of its Judgment Entry of March 15, 1967, in this cause.

"14. That the plaintiffs are the lawful owners of the real estate and personal property described in 'Exhibit A' attached to their Motion for Summary Judgment filed in this action and the defendants, Jerry Schill, Mary Schill, A. J. Comella and Indianapolis Fruit Co., Inc. have no right, title, claim or interest in the real estate and personal property described in said 'Exhibit A'.

"15. That no genuine issue of fact exists between the plaintiffs and the defendants, Jerry Schill, Mary Schill, A. J. Comella or Indianapolis Fruit Co., Inc. and the issues framed by their various pleadings filed in this action are ones of law to be applied to the evidence submitted by way of affidavit in support of their various motions.

## CONCLUSIONS OF LAW

"1. The Court has jurisdiction over the person of the plaintiffs and the defendants and the subject matter herein.

"2. That the law is with the plaintiffs and against the defendants Jerry Schill, Mary Schill, A. J. Comella, and the Indianapolis Fruit Co., Inc., and the plaintiffs are the lawful owners of the real estate and personal property described in 'Exhibit A' to the Motion for Summary Judgment filed herein by the plaintiffs and that the defendants

and each of them have no right, title, claim or interest of any kind as to the real estate and personal property attached and described in the plaintiff's Motion for Summary Judgment and designated as 'Exhibit A'.

"3. That the costs of this action are assessed both jointly and severally against the defendants, Jerry Schill and Mary Schill."

On the same date the trial court entered Summary Judgment for Appellees as follows:

"This cause, having come on by virtue of a Complaint filed by the plaintiffs on February 23, 1967 against the defendants to cancel the Conditional Sales Contract, Ejectment and Restraining Orders and the defendants Angelo Piccione and Pasqualina Piccione having previously been defaulted by Order of this Court on March 15, 1967 for failure to appear and the defendants Indianapolis Fruit Co., Inc. and A. J. Comella having filed a Disclaimer as to any interest in the property described in the Complaint of the plaintiffs and the plaintiffs having filed their verified Motion for Summary Judgment on May 1, 1967 and the defendants Jerry Schill and Mary Schill having filed their verified Motion for Summary Judgment, subsequently thereafter, and the Court having heard the argument of counsel relevant to the Motions for Summary Judgment on May 17, 1967 and reviewed the verified Motions and Affidavits in support thereof, and the Court being fully apprised in the premises, having made its written Findings of Fact and Conclusions of Law, which Findings of Fact and Conclusions of Law, in words and figures read as follows:

### (H.I.)

"IT IS, THEREFORE, ORDERED AS FOLLOWS:

"1. That the Motion for Summary Judgment filed by the plaintiffs John D. Choate and Mildred Choate against the defendants, Mary Schill, Jerry Schill, Indianapolis Fruit Co., Inc. and A. J. Comella is in all respects sustained.

"2. That the Motion for Summary Judgment filed by the defendants Mary Schill and Jerry Schill against the plaintiffs, John D. Choate and Mildred Choate is in all respects overruled.

"3.   That the plaintiffs, John D. Choate and Mildred Choate are the lawful owners of the real estate and personal property specifically described in the Motion for Summary Judgment designated as 'Exhibit A' thereto and that the defendants, Angelo Piccione, Pasqualina Piccione, Jerry Schill, Mary Schill, Indianapolis Fruit Co., Inc. and A. J. Comella have no right, title or interest to any of the property listed therein or have any claim thereto.

"4.   That the costs of this action are assessed jointly and severally against the defendants, Jerry Schill and Mary Schill."

The granting of this Summary Judgment is assigned as error for our consideration.

There appears to be no dispute as to the facts which the trial court considered in entering Summary Judgment. The issue of estoppel was in no way properly suggested to the trial court. Since estoppel is an affirmative defense, the Appellees had the burden to suggest facts which would invoke that doctrine before the trial court. From a careful examination of the record we find no facts upon which estoppel could be based or even inferred. It is a well settled rule in Indiana that an estoppel must be *pleaded* to be available, whether it is relied on as a defense or as an element of a cause of action. Thus, ordinarily the defense of estoppel is not available under the general answer or under a plea of payment. Where an estoppel is relied on in avoidance of a defense it must be set up in the reply. *Town of St. John v. Gerlach,* 197 Ind. 289, 150 N. E. 771 (1926), *Ederer v. Froberg,* 115 Ind. App. 414, 59 N. E. 2d 595 (1945), *Allen Realty Co. v. Uhler,* 83 Ind. App. 103, 146 N. E. 766 (1925), and West I.L.E., Vol. 12, *Estoppel,* § 61, p. 391. When an estoppel is relied upon it must be pleaded with particularity and precision, with every essential fact being set forth, for nothing can be supplied by inference or intendment and, indeed, if there is any ground for inference or intendment, it will be against and not in favor of estoppel. *Richardson v. St. Mary's Hospital, Inc.,* 135 Ind. App. 1, 191 N. E. 2d

337 (1963). In order to constitute an equitable estoppel or estoppel *in pais* there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied on or acted on it to his prejudice. See *Richardson v. St. Mary's Hospital, Inc., supra.*

Our Supreme Court in *Mills v. Criss,* 205 Ind. 578, 187 N. E. 375 (1933) held that the contract buyer had no interest which was subject to execution under a conditional sales contract which retained title in the Seller until full performance by the Buyer.

In the instant contract, title was retained by Appellees as Sellers until full performance. It also provided the Buyers' interest in the contract should not be assigned, sold, or otherwise transferred by the Buyers without the written consent of the Sellers (Appellees).

See also, *International Harvester Co. v. Holley, Sheriff,* 106 Ind. App. 329, 18 N. E. 2d 484 (1939). In *Keck v. State ex rel. National Cash Register Co.,* 12 Ind. App. 119, 39 N. E. 899 (1895), this court held that the interest of a buyer under a conditional sale is not analogous to the interest of a mortgagor in possession and such interest is not subject to sale on execution against the buyer. In oral argument the Appellants stated that the buyers under this type of conditional sales contract had no interest which was subject to execution sale. They, however, relied upon certain negotiations between Appellants and Appellees in an attempt to raise a genuine issue as to a material fact.

Burns' Ind. Stat. Ann., § 2-2524(c) provides in part:

"The judgment sought, shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Appellants contend without citing authority that certain issues of fact are reflected in the briefs filed with the trial court. In *Pomerenke v. National Life and Accident Insurance Co.*, 143 Ind. App. 472, 241 N. E. 2d 390 (1968), this court stated at page 391 of 241 N. E. 2d:

"Appellee contends, without citation of authority, that a motion for a summary judgment is a 'pleading' and that anything attached as an exhibit to the motion is a part of the pleading and is considered by the trial court, even though there is no attempt to comply with § 2-2524(e), Burns' 1968 Repl. We do not believe that the summary judgment statute uses the word 'pleadings' in such a broad sense."

In *United States v. Tuteur*, 215 F. 415 (7th Cir. 1954), the court stated at page 417:

"There was attached to the motion as an exhibit what purports to be a transcript of testimony . . . This document is not sworn to in any way. It is not an affidavit. Respondent contends that it is not proper to consider it in support of the motion for summary judgment. We agree."

A brief is not a pleading, deposition, admission, answer to interrogatories or affidavit within the meaning of Burns' Ind. Stat. Ann. § 2-2524(c) and the court cannot look to a brief to determine the existence of a genuine issue as to a material fact. Of course, the court should consider the legal propositions set forth in briefs in considering a motion for summary judgment. In the oral argument the Appellants stated that there were no genuine issues as to a material fact apparent in the record except by reference to the Appellants' brief filed in the trial court.

Even if the trial court could properly consider the statements made in the Appellants' brief filed in the trial court,

there is an absence of any genuine issue as to a material fact in this case. The statements in the brief at most disclose preliminary negotiations between the Appellees and Appellants which did not result in any binding contractual relationship. The brief referred to does not explicitly mention the doctrine of estoppel in a single instance. The brief does not set forth facts which would constitute an estoppel under the law of Indiana.

In this case the granting of summary judgment was appropriate since the undisputed facts lead solely to the conclusion which the trial court reached. This case comes within the confines of *Kapusta v. Depuy Manufacturing Co.*, 249 Ind. 679, 234 N. E. 2d 487 (1968), *Personnett v. Great Atlantic and Pacific Tea Co.*, 142 Ind. App. 698, 237 N. E. 2d 281 (1968) and *Markwell v. General Tire and Rubber Co.*, 142 Ind. App. 188, 233 N. E. 2d 676 (1968).

Our consideration on the merits of this case renders moot the Appellees' Motion to dismiss this appeal.

The Appellees were entitled to a judgment as a matter of law. Therefore, the judgment is affirmed.

Affirmed. Costs v. Appellants.

Pfaff, C.J., Hoffman and White, J.J., concur.

NOTE.—Reported in 247 N. E. 2d 688.